**D. T. FROEDGE, Appellant-Petitioner,**

v.

**Hon. C. R. WALDEN, Judge Barren Circuit Court, and Southern Explosives Corporation, Intervenor, Appellees-Respondents.**

Supreme Court of Kentucky.

Nov. 24, 1981.

P. Joseph Clarke, Danville, Shelley T. Riherd, Glasgow, for appellant.

Uhel O. Barrickman, Richardson, Barrickman & Dickinson, Glasgow, David S. Stallard, Wood, Herron & Evans, Cincinnati, for appellees.

## OPINION AND ORDER

The sole question presented is whether a writ of prohibition should issue against a circuit judge to prevent him from enforcing an order directing a litigant to disclose information made in a patent application. The Court of Appeals denied the writ. We reverse.

In May of 1980 Southern Explosives Corporation filed a suit in the Barren Circuit Court alleging ownership of certain patent rights applied for by Froedge, and claiming various damages. In the course of the litigation, Southern Explosives, through discovery, attempted to compel Froedge to produce the patent application for its perusal. Froedge refused, and the trial judge directed that said document should be produced. Appellee issued a "Protective Order" which in essence directed that Southern Explosives should treat the information in Froedge's patent application as confidential. Froedge appealed to the Court of Appeals, but the appeal was dismissed because it was not an appeal of a final order. In the order of dismissal, the Court of Appeals practically invited Froedge to seek a writ of prohibition.

On May 8, 1981, Froedge did file, pursuant to CR 76.36, a petition for a writ of prohibition against the appellee. The petition alleged that the patent application should be kept secret and sought to prohibit the judge "from directing or requiring disclosure of the confidential and secret patent application and documents now on file in the United States patent office . . . ." Subsequently, Southern Explosives was permitted to intervene. On August 24, 1981, the petition was denied because the petitioner "has not demonstrated irreparable harm in respect to disclosure of the patent application . . . ." This appeal resulted.

Patent applications shall "be kept in confidence" by the United States Patent and Trademark office. 35 U.S.C.A., Patents, § 122. No information concerning the same shall be given without the authority of the applicant or owner, *id.* The Commissioner of Patents and Trademarks has promulgated rules and regulations which carry out the intent of Congress to provide for secrecy of said applications. 37 C.F.R. § 1.14 et seq. The statute and regulation referred to do not cast an impenetrable cloak of secrecy around patent applications, but disclosure of their content may be compelled only when the applications have a direct bearing on the issues being litigated. *Struthers Scientific and International Corporation v. General Foods Corporation*, 45 F.R.D. 375 (D.C.1968). Since ownership of the patent

is the basic issue raised by Southern Explosives, we believe that the patent application (which is not determinative of the merits of an ownership claim) is confidential. The information that appears in the application is tangential, at best, to the issues of actual ownership. We conclude that the order of the court which directed production of the patent application was improper. The "Protective Order" issued by the court does not preserve the secrecy that is required under the applicable Federal statutes and regulations. Its effect is to close the barn door after the horse is out.

It is clear that the trial court has decided an issue outside of the scope of its authority. Moreover, we believe that since its order directed a disclosure of confidential and secret data, the patent applicant (Froedge) will suffer irreparable damage if the order is carried out. An appeal provides an inadequate remedy. That being true, a writ of prohibition is the appropriate remedy. *See Shumaker v. Paxton*, Ky., 613 S.W.2d 130 (1981).

The order of the appellee, Hon. C. R. Walden, Judge of the Barren Circuit Court, which directed appellant D. T. Froedge to disclose information in a patent application is hereby dissolved. The appellee, is prohibited from taking any further action to require appellant to disclose such information.

All concur.

/s/ John S. Palmore
Chief Justice