**OWENSBORO CABLEVISION, INC., Appellant,**

v.

**J. Michael LIBS, Daviess County Board of Education and City of Owensboro Independent Board of Education, Appellees.**

No. 92–CA–1150–MR.

Court of Appeals of Kentucky.

May 7, 1993.

Discretionary Review Denied by Supreme Court Nov. 17, 1993.

Frank F. Chuppe, Thomas J. Luber, Wyatt, Tarrant & Combs, Louisville, for appellant.

Robert M. Kirtley, Daviess County Atty., Owensboro, for appellee, Michael Libs.

David L. Yewell, Rummage, Kamuf, Yewell, Pace and Condon, Owensboro, for appellee, Davies County Bd. of Educ.

William L. Wilson, Jr., Wilson, Wilson & Plain, Owensboro, for appellee, City of Owensboro Independent Bd. of Educ.

Before JOHNSON, McDONALD and STUMBO, JJ.

McDONALD, Judge.

The sole issue involved in this appeal is whether the enactment by the appellees pursuant to KRS 160.614(2) of a utility gross receipts license tax on cable television services furnished by the appellant is subject to the levy recall procedure set out in KRS 160.597. KRS 160.614 was passed in 1990, along with other legislation known as the Kentucky Education Reform Act (KERA), designed to improve the efficiency and quality of our public schools. It provides as follows:

> **160.614. Tax on gross receipts from furnishing of cable television services.—** (1) A utility gross receipts license tax initially levied by a school district board of education on or after July 13, 1990, shall be levied on the gross receipts derived from the furnishing of cable television services in addition to the gross receipts derived from the furnishing of the services enumerated in KRS 160.613.
>
> (2) A utility gross receipts license tax initially levied by a school district board of education prior to July 13, 1990, shall be levied on the gross receipts derived from the furnishing of cable television services, in addition to the gross receipts derived from the furnishing of the services enumerated in KRS 160.613, if the school district board of education repeats the notice and hearing requirements of KRS 160.603, but only as to the levy of the tax on the

gross receipts derived from the furnishing of cable television services.

This statute was recently discussed in *Hopkins County Board of Education v. Brooks*, Ky.App., 824 S.W.2d 431 (1992), where we said it "merely expands the utilities subject to a permissive school funding levy to include cable television."

■ Without belaboring this opinion with a detailed analysis of the funding scheme set up by the General Assembly for education purposes, a brief summary is necessary for an understanding of the issue in this case. School districts have the power to levy various types of taxes to raise money for their schools. Changes made in 1990 now allow a school board to levy property taxes that are not subject to property tax levy recall provisions, at least to the extent the property taxes levied do not exceed Tier 1 funding levels. KRS 157.440(1)(a) and (1)(b). Schools may also generate money to meet their responsibilities by enacting an occupational license tax (KRS 160.601), an excise tax (KRS 160.621), and/or a utility gross receipts license tax (KRS 160.613 and 160.-614). These taxes are subject to the levy recall procedure outlined in KRS 160.597 which, by that statute's terms, are available to taxpayers for "*[a]ny school tax authorized by* KRS 160.593 to 160.597, *160.601 to 160.-633,* and 160.635 to 160.648...." (Emphasis added). It is obvious that the statute at issue, KRS 160.614(2), falls squarely between 160.601 to 160.633 and, facially and by any plain reading of the statute, would be subject to recall by the voters of the school districts involved.

Both appellees, Daviess County Board of Education and City of Owensboro Independent Board of Education, had levied a utility tax long before 1990. After the passage of KRS 160.614, both attempted to avail themselves of the additional funding available by voting to extend their utility taxes to cable

television, a service provided in their districts by the appellant, Owensboro Cablevision, Inc. Levy recall petitions were presented to the county clerk pursuant to KRS 160.597. Relying on an opinion from the Attorney General's office, OAG 90–96, the clerk, appellee J. Michael Libs, declined to take any action in regard to the petitions. Owensboro Cablevision commenced this action seeking a declaration of whether the tax was subject to the recall elections provided in KRS 160.597.

The Daviess Circuit Court determined that KRS 160.614(2) did not authorize a "new tax" but was "intended to authorize the extension of an existing tax" that it reasoned is not subject to recall. The court reasoned as follows:

Although Owensboro Cablevision argues that the legislature would have specifically exempted the cable tax from recall if that was their intent, it is logical to think that the legislature would have expressly provided for voter recall under Subsection 2 of KRS 160.614 if that was their intent, especially in view of the care they took to provide the notice and hearing provisions.

Undeniably the language employed in KRS 160.614(2) raises many questions. Why, for example, did the legislature enact a separate statute to add cable television to the "family" of utilities subject to the gross receipts tax instead of merely amending KRS 160.613? Why did the legislature provide the notice and hearing requirements when under the provisions of KRS 160.603 the levy of taxes pursuant to KRS 160.601 to 160.633 is already subject to those requirements? Why does KRS 160.614(2) provide for a notice and hearing or be subject to recall when, in language generally construed as mandatory, it provides that where a school board already has a utility tax it "shall" levy a tax on the gross receipts derived from providing cable television services?[1]

---

1. It is interesting that the appellees differ on their approach to this question: the Daviess County Board of Education argues the statute *mandates* the inclusion of cable television to the pre-existing utility tax family; the City of Owensboro Independent Board of Education contends that subsection (2) merely gives it an *option* to "enlarge the base" of services subject to the

utility tax. The problem with the County Board's interpretation is that the provision for notice and hearing are meaningless if there is no choice but to include cable services. On the other hand, the City Board's argument flies in the face of well established case law that the use of the word "shall" denotes that something be done, not that something "may" be done.

These questions are intriguing but not necessarily helpful in attempting to ascertain the intent of the legislature in passing this statute. Instead we are guided by certain well established principles of statutory construction in this regard. First, in determining intent of the legislature, we look to the "words employed in enacting the statute, rather than surmising what may have been intended but was not expressed." *Kentucky Association of Chiropractors, Inc. v. Jefferson County Medical Society*, Ky., 549 S.W.2d 817, 821 (1977), citing *Gateway Construction Company v. Wallbaum*, Ky., 356 S.W.2d 247, 249 (1962). As we stated earlier, KRS 160.-597 in plain words makes KRS 160.614(2) subject to voter recall and neither statute makes any exceptions thereto. Next, as we noted in the *Brooks* case, *supra*:

> In the absence of a *strong statutory indication to the contrary*, an express statute will not be deemed to have been abrogated by implication. (Emphasis added).

824 S.W.2d at 434, citing *Head v. Commonwealth*, 165 Ky. 603, 177 S.W. 731 (1915). Basically the trial court accepted the schools' argument that by providing for notice and hearing in the addition of cable services, the legislature, by implication, did not intend to subject the inclusion of this service to voter recall. The problem with this argument is that the inclusion in KRS 160.614(2) of notice and hearing requirements is just as consistent with Owensboro Cablevision's argument that the legislature intended to clarify that a school board must use the same procedures to add cable services as to adopt a utility tax in the first instance. Furthermore, we agree with appellant that it is improper to deem the recall procedures impliedly overruled because of procedures required *prior to* the addition of taxes on cable services.

Finally, we agree with appellant that the statute should be construed in favor of the taxpayer. *See WDKY–TV, Inc. v. Revenue Cabinet*, Ky.App., 838 S.W.2d 431 (1992). The taxpayers in these districts are already subject to a gross receipts utilities tax, but at the time the tax was imposed cable was not included. They should get a voice to recall the tax on cable services just as those who, after July 13, 1990, are having the utility tax imposed for the first time. It is true that this may result in some districts with the utility tax having cable services included and some not. While this may be an anomaly, it is not an absurdity requiring us to avoid the plain language of the statutes at issue. Appellees urge us to consider the "mood permeating the 1990 session of the General Assembly." As tempting as it might be, it is not our place to psychoanalyze our legislative body, particularly where the "clear meaning of the language is apparent." *Smith v. Magruder*, Ky.App., 566 S.W.2d 430, 431 (1978).

Accordingly, the judgment of the Daviess Circuit Court is reversed and remanded for entry of a judgment consistent with this opinion.

All concur.