ADVENTIST HEALTH SYSTEMS/SUN-BELT HEALTH CARE CORPORA-TION & Memorial Hospital, Inc., Appellants,

v.

William W. TRUDE, Jr., Special Judge, Clay Circuit Court and Kenneth W. Peasley, M.D., Real Party in Interest, Appellees.

No. 93–SC–000044–MR.

Supreme Court of Kentucky.

April 21, 1994.

Rehearing Denied Sept. 1, 1994.

Kent Masterson Brown, Christopher J. Shaughnessy, Brown and Brown, P.S.C., Lexington, Vickie Yates Brown, Hodge, Kelley, Guthrie & Brown, Louisville, for appellants.

Susan Barnett Turner, Carole D. Christian, Edgar A. Zingman, Wyatt, Tarrant & Combs, Louisville, amicus curiae for Kentucky Hosp. Ass'n.

William W. Trude, Jr., Irvine, for appellee.

Rickey D. Bailey, R. Scott Madden, Manchester, for Kenneth W. Peasley, M.D., Real Party in Interest.

THOMAS A. DONAN, Special Justice.

This is an appeal from a Court of Appeals order entered on January 20, 1993, denying Appellants' Petition for a Writ of Prohibition and a Writ of Mandamus in an original action filed pursuant to Civil Rule 76.36. Appellants sought writs against William W. Trude, Jr., Special Judge of the Clay Circuit Court, (1) prohibiting enforcement of a discovery order and mandating entry of a protective order concerning physician peer review records; and (2) mandating an order granting them Summary Judgment dismissing the Complaint. An interlocutory order was entered by this Court on February 9, 1993, granting emergency intermediate relief staying so much of the Circuit Court's Order as permitted discovery relating to peer review.

The trial court's interlocutory orders arose out of a complaint filed in Clay Circuit Court by the real party in interest, Appellee, Kenneth W. Peasley, M.D., against the Appellants, Adventist Health Systems/Sunbelt Health Care Corporation and Memorial Hospital, Inc., in which he has sought to rescind his resignation and obtain reinstatement to the medical staff of Memorial Hospital and for the recovery of damages for the summary suspension of his medical staff privileges prior to his resignation from the medical staff. In his complaint, Dr. Peasley alleged violations of medical staff bylaws of Memorial Hospital, constitutional violations, breach of contract, tortious interference with business opportunity and expectancies, bad faith, wrongful suspension, wrongful discharge, constructive discharge, and the tort of outrage (intentional infliction of emotional distress). The hospitals filed a Motion to Dismiss and a Motion for Summary Judgment in Circuit Court with supporting affidavits which relied in part on claims of qualified immunity from suit under KRS 311.377(1) and the federal Health Care Quality Improvement Act of 1986, 42 U.S.C. § 11101 et seq. which was adopted in KRS 311.377(8).

The second aspect of the instant appeal developed as the result of three discovery

requests by Dr. Peasley consisting of requests for admissions, requests for production of documents, and interrogatories, along with the scheduling of the deposition of Dr. Lee H. Meadows, Chief of Staff and Chairman of the Medical Executive Committee of Memorial Hospital.

The hospitals filed a motion for a Protective Order with respect to parts of Dr. Peasley's requested discovery concerning peer review records based on confidentiality and privilege citing KRS 311.377(2) which states:

"At all times in performing a designated professional review function, the proceedings, records, opinions, conclusions, and recommendations of any committee, board, commission, medical staff, professional standards review organization, or other entity, as referred to in subsection (1) of this section *shall be confidential and privileged and shall not be subject to discovery, subpoena, or introduction into evidence, in any civil action in any court* or in any administrative proceeding before any board, body, or committee, whether federal, state, county, or city, except as specifically provided with regard to the board in KRS 311.605(2). This subsection shall not apply to any proceedings or matters governed exclusively by federal law or federal regulation." (Emphasis supplied.)

When Dr. Peasley later issued a notice to take the deposition of Lee H. Meadows, M.D., the hospitals filed a second Motion for a Protective Order to bar the taking of such deposition, relying on the same grounds. On June 25, 1992, the trial court granted Dr. Peasley's motion to compel discovery of Lee H. Meadows, M.D.; sealed the record; and provided for sanctions in the event that the Court later ruled that the deposition was not subject to discovery.

On November 5, 1992, the trial court overruled the Motion to Dismiss and Motion for Summary Judgment along with the Motions for Protective Orders. The Court also made other appropriate orders to restrict access and use of the information discovered by the Plaintiff. As a basis for the ruling relating to the discovery issue, the trial court found that the privileges provided by KRS 311.377 are strictly limited to claims filed against peer review entities for defamation.

The entry of this Order triggered the filing of the hospital's original action in the Kentucky Court of Appeals requesting Writs of Prohibition and Mandamus which are now the subject of this appeal.

In *Shumaker v. Paxton*, Ky., 613 S.W.2d 130 (1981) we stated at p. 131 that:

"The writ of prohibition is an extraordinary remedy and not a substitute for the appellate process. Such writs are generally issued only when lower courts are proceeding or are about to proceed outside their jurisdiction and there is no adequate remedy by appeal, or when they are about to act incorrectly, although within their jurisdiction '... and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury would result to the applicant if they should do so.' *Evans v. Humphrey*, 281 Ky. 254, 258, 135 S.W.2d 915, 917 (1940)."

 Favorable resolution of these factors for the Petitioners is necessary before reaching the merits of the claim. Since the trial court was proceeding within its jurisdiction, we will consider the latter class of requirements. The requirement that the petitioner be without an adequate remedy by appeal is absolute. The requirement of "great and irreparable injury" has a degree of flexibility which permits intervention when the administration of justice, as opposed to the petitioners, would suffer great and irreparable injury. *National Gypsum v. Corns*, Ky., 736 S.W.2d 325, 327 (1987); *Bender v. Eaton*, Ky., 343 S.W.2d 799 (1961).

## I. DISCOVERY OF PEER REVIEW RECORDS

 Extraordinary relief is authorized to prevent the disclosure of confidential or privileged information. *McMurry v. Eckert*, Ky., 833 S.W.2d 828 (1992); *Froedge v. Walden*, Ky., 624 S.W.2d 833 (1981); *Bender v. Eaton*, supra.

As stated in the seminal case of *Bender v. Eaton*, supra, at p. 802:

"Once the information is furnished it cannot be recalled ... The injury suffered by

petitioners, assuming their adversaries have no right to this disclosure under the Civil Rules, will be complete upon compliance with the order and such injury could not thereafter be rectified in subsequent proceedings in the case. Petitioners have no other adequate remedy."

Dr. Peasley has argued that the provisions of KRS 311.377 violate the Kentucky Constitution. However, Dr. Peasley failed to give notice to the Attorney General of the pendency of his constitutional challenge in violation of KRS 418.075 and Civil Rule 24.03 in either the Court of Appeals or this Court. Since the original action was filed in the Court of Appeals, it is considered the "trial court" for the purpose of applying the procedural mandate of *Maney v. Mary Chiles Hosp.,* Ky., 785 S.W.2d 480 (1990). In *Maney,* supra, at 482, we held that the requirements of KRS 418.075 are mandatory in order for a court to consider the constitutionality of a statute and that strict enforcement of the statute will eliminate procedural uncertainty. Accordingly, we decline to consider that issue.

The language of KRS 311.377(2) clearly extends privilege and confidentiality of peer review proceedings, records, opinions, conclusions, and recommendations to "... any civil action in any court ..." Therefore we find that the statute applies to any civil action, including the pending case. *Smith v. Magruder,* Ky.App., 566 S.W.2d 430, 431 (1978); *Owensboro Cablevision Inc. v. Libs,* Ky.App., 863 S.W.2d 331, 333 (1993).

Accordingly, we reverse a part of the Kentucky Court of Appeals' decision and grant Appellants' Motion for a Writ of Prohibition which prohibits the discovery of the proceedings, records, opinions, conclusions, and recommendations of the entities of Memorial Hospital performing a designated professional review function, pertaining to Dr. Peasley or any other physician who was granted or continued to exercise staff privileges after June 17, 1978, by any health services organization. Petitioner's Motion for Writ of Mandamus is also granted. Accordingly, the trial court is directed to enter a Protective Order consistent with the broad language of the statute and this decision.

## II. DISMISSAL OR SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY

Although the trial court expressed concern that, without the information from the peer review and executive committee meetings, Dr. Peasley would virtually be unable to support the claims set forth in his complaint, it is noted that KRS 311.377(3) provides that:

"Nothing in subsection (2) of this section shall be construed to restrict or limit the right to discover or use in any civil action or other administrative proceeding any evidence, document, or record which is subject to discovery independently of the proceedings of the entity to which subsection (1) of this section refers."

Since discovery has not been completed in the trial court and the hospitals have not demonstrated that they will have no adequate remedy on appeal, relief in the form of an extraordinary remedy under CR 76.36 is not appropriate. *National Gypsum Co. v. Corns,* Ky., 736 S.W.2d 325, 327 (1987). For the foregoing reasons, the remainder of the Court of Appeals order denying the hospital's remaining Motion for Writs of Prohibition and Mandamus relating to Summary Judgment is affirmed.

STEPHENS, C.J., and SPAIN, REYNOLDS and WINTERSHEIMER, JJ., concur. Special Justice WILLIAM R. WEINBERG concurs in part and dissents in part in a separate opinion in which LEIBSON, J., joins.

LAMBERT and STUMBO, JJ., not sitting.

WILLIAM R. WEINBERG, Special Justice, concurring in part and dissenting in part.

I concur with that portion of the majority opinion which affirms the Court of Appeals' order denying the appellants' motions for writs of prohibition and mandamus relating to summary judgment on the basis that extraordinary relief under CR 76.36 is not appropriate because the appellants have not

demonstrated that they will have no adequate remedy upon appeal.

I respectfully dissent from the remainder of the majority opinion and do so on three grounds:

1. The appellants have not sustained their burden to show that the Court of Appeals abused its discretion in denying their petition for writs of prohibition and mandamus in their entirety;

2. The appellants did not sustain their burden of showing that they had no adequate remedy through the normal appellate process and that they would suffer great and irreparable injury if the extraordinary relief which they are requesting is not granted; and

3. The issues raised in this original action under CR 76.36 are several and complex and would best be dealt with by this Court after more factual development has occurred at the trial level and through the normal appellate process.

The majority opinion prematurely decides the scope of KRS 311.377, Kentucky's peer review confidentiality statute. The appellants are sufficiently protected from public disclosure of discovered material by the trial court's order requiring confidentiality and by the sealing of all material discovered pursuant to its order.

KRS 311.377 specifically limits the waiver discussed therein to "good faith" actions. The thrust of Dr. Peasley's entire action is that the hospitals did not act in good faith. KRS 311.377(2), which discusses peer review confidentiality, specifically refers to KRS 311.377(1) and therefore incorporates the good faith exception to the waiver discussed in the statute into the peer review confidentiality subsection as well. Under such circumstances, Dr. Peasley would seem entitled to conduct rudimentary discovery aimed at showing a basis for his bad faith allegations.

Even if a privilege exists, it has been held that the privilege would not be recognized if the injury that would occur by the disclosure of the communication is not greater than the benefit granted by disclosure in assisting the correct disposal of the litigation. *Ott v. St. Luke Hospital of Campbell County, Inc.,* 522 F.Supp. 706 (E.Dist. of Ky.1981), quoting *American Civil Liberties Union of Mississippi, Inc. v. Finch,* 638 F.2d 1336, 1344 (5th Cir.1981). Here, the appellants' request for extraordinary relief does not pass that portion of the test set forth in *Ott.*

The majority recognized a long line of cases requiring that persons seeking extraordinary relief through a writ of prohibition or writ of mandamus must demonstrate that they possess no adequate remedy through the normal appellate process and that great and irreparable injury will occur if the relief which they seek is not granted. The majority bases its opinion that the appellants have met this difficult threshold on language found in *Bender v. Eaton,* Ky., 343 S.W.2d 799 (1961), pertaining to what was then privileged information.[1]

In the context of this case, if no information exists within the peer review process supporting the appellees' claim of bad faith, then the information produced would be irrelevant and therefore inadmissible and Dr. Peasley's claim would die a natural death. If, on the other hand, information is elicited through the requested discovery supporting Dr. Peasley's claim of bad faith, it would seem to be properly discoverable information under both KRS 311.377 and *Ott.* Since the trial court sealed all of the information sought and required its confidentiality, it is difficult to see how the appellants can or will suffer any irreparable injury through the disclosure. Certainly the appellants have preserved their right to object to the admissibility of any information discovered and to raise those issues upon subsequent appeal.

This case can best be decided later upon appeal, if necessary. In this original action under 76.36, I would have affirmed the unanimous order of the Court of Appeals without comment and waited to later address any

---

1. Interestingly enough, *Bender v. Eaton* was decided under old Kentucky Civil Rules which no longer exist. It prohibited the required production of the medical reports of physicians, a practice which is specifically allowed under current civil rules, demonstrating the significant liberalization of the discovery process which has occurred since 1961, the year that *Bender* was decided.

issues which might be raised through the normal appellate process.

LEIBSON, J., joins in this opinion.