Cheryl R. LEANHART, Real Party in Interest, Appellant,

v.

HUMANA INC. and Southwest Jefferson Community Hospital d/b/a Humana Hospital Southwest; Edwin A. Schroering, Jr., Judge, Jefferson Circuit, Appellees.

No. 94–SC–000506–MR.

Supreme Court of Kentucky.

Sept. 26, 1996.

Rehearing Denied Dec. 19, 1996.

Gary Lee Napier, Mark Joseph Smith, Louisville, for Appellant.

Frank P. Doheny, Jr., Steven A. Edwards, Hirn, Doheny, Reed & Harper, Louisville, for Appellees.

THOMAS A. DONAN, Special Justice.

This is an appeal as a matter of right from a Court of Appeals' Order granting Appellees' Petition for a Writ of Prohibition. Appellees (hereinafter collectively referred to as "Humana") sought this relief after entry of a discovery order by Jefferson Circuit Court Judge, Edwin A. Schroering, Jr., on February 14, 1994, granting the motion of the Appellant and real party in interest, Cheryl R. Leanhart (hereinafter referred to as "Leanhart") to require Humana to comply with certain discovery requests served on Humana on November 18, 1992, and July 22, 1993.

Humana relies on KRS 311.377, the "peer review" statute and certain language contained in our decision in *Adventist Health Systems vs. Trude*, Ky., 880 S.W.2d 539 (1994). Leanhart relies on our decisions in *Sweasy v. King's Daughters Memorial Hospital*, Ky., 771 S.W.2d 812 (1989) and *Appalachian Reg. Health Care v. Johnson*, Ky., 862 S.W.2d 868 (1993).

The genesis of the issues presented is a medical negligence and wrongful death action filed by Leanhart against Humana and Dr. Joseph E. Rich, M.D., following the death of Leanhart's infant son, Tyler Leanhart, resulting from an alleged negligent delivery by Dr. Rich, a member of the staff, at Humana Hospital Southwest. Leanhart's complaint also alleges that Humana was negligent in its recruitment of Dr. Rich, granting him staff privileges, and allowing him to retain staff privileges while having the knowledge that he was incompetent or dangerous.

During oral argument it was established that the documents and information requested by Leanhart were not internal Peer Review Committee records generated by that committee's investigation after Tyler Leanhart died. Rather, these documents are hospital administrative records, including complaints by patients and members of the nursing staff, which were subsequently

placed in Dr. Rich's peer review file. The information and documents requested are clearly discoverable since they constitute relevant information that may lead to admissible evidence at trial. CR 26.02; *Meenach v. General Motors Corp.*, Ky., 891 S.W.2d 398, at 402 (1995). This holding is consistent with KRS 311.377(3) quoted in *Adventist Health Systems, supra,* at 542, which provides that:

"Nothing in subsection (2) of this section shall be construed to restrict or limit the right to discover or use in any civil action or other administrative proceeding any evidence, document, or record which is subject to discovery independently of the proceedings of the entity to which subsection (1) of this section refers."

In short, the placement of otherwise discoverable records and information in a peer review file does not entitle them to the protection of KRS 311.377(2). As this court recently stated in *Meenach, supra,* at 402, quoting *Nazareth Literary & Benevolent Inst. v. Stephenson*, Ky., 503 S.W.2d 177, at 178–179 (1973), in rejecting "... a policy argument to 'engraft an exception to the procedural rules for discovery' to protect information gathered in the course of hospital administration, stating:

"'Although this might be regarded as an initially appealing argument, on reflection, one might well debate wherein the public interest lies. Claims of privilege are carefully scrutinized, and impediments to the discovery of truth are afforded validity in relatively few instances in the common law.'"

Prior to the entry of Judge Schroering's order, Humana filed a compliance with a previous court order entered November 2, 1993, in which it attached copies of complaints by patients and other members of the general public about Dr. Rich, and hospital administrative records regarding complaints about Dr. Rich. The documents provided by Humana had the patient's name and the name of the complaining party deleted. Clearly, Leanhart is entitled to discover the names and other identifying information of the complaining parties as a part of the discovery process. CR 26.02.

We now reach the apparent conflict in the language contained in *Adventist Health Systems, supra,* and *Appalachian Reg. Health Care, supra.* *Adventist* dealt with claims arising from the suspension of a physician's medical staff privileges by a peer review entity rather than a medical negligence suit filed by a patient against his or her treating physician. In *Appalachian,* a medical negligence case, we held that "KRS 311.377 was enacted to allow individuals who sit on medical review boards the privilege to be free from lawsuits filed against them by disgruntled practitioners, dissatisfied with the reviewers' findings. We, therefore, concur with the Court of Appeals finding that the Respondent (Judge Johnson) acted properly within his jurisdiction in holding that *Sweasy, supra,* is still effective and controlling." *Id.* at 870. Accordingly, the holding in *Adventist* is modified to the extent that it may be inconsistent with the Court's holding in *Appalachian.* The present case being a medical negligence and corporate negligence case, the reasoning found in *Appalachian* applies.

For the foregoing reasons, the Court of Appeals' order granting the Writ of Prohibition is reversed and the Petition for a Writ of Prohibition is denied.

All concur.

LAMBERT, J., not sitting.