# IMPORTANT NOTICE

## "NOT TO BE PUBLISHED OPINION"

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED" PURSUANT TO RULE OF APPELLATE PROCEDURE (RAP) 40(D). THIS OPINION SHALL NOT BE CITED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE.

UNDER RAP 41, UNPUBLISHED OPINIONS OF KENTUCKY APPELLATE COURTS RENDERED AFTER JANUARY 1, 2003, THAT ARE FINAL UNDER RAP 40(G), MAY BE CITED BY A PARTY FOR CONSIDERATION BY A COURT IF THERE IS NO PUBLISHED OPINION THAT ADEQUATELY ADDRESSES THE POINT OF LAW BEING ARGUED BY A PARTY.

IF AN UNPUBLISHED OPINION IS CITED FOR CONSIDERATION BY A COURT THE OPINION SHALL BE SET OUT AS AN UNPUBLISHED OPINION IN THE DOCUMENT IN WHICH THE UNPUBLISHED OPINION IS CITED.

RENDERED: JUNE 25, 2026
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2025-SC-0207-MR

SUMMIT MEDICAL GROUP INC. D/B/A          APPELLANTS
ST. ELIZABETH PHYSICIANS AND
MICHAEL K. DAVENPORT, M.D.


|  | ON APPEAL FROM COURT OF APPEALS |
|---|---|
| V. | NO. 2024-CA-1389 |
|  | KENTON CIRCUIT COURT, NO. 20-CI-01729 |


HONORABLE PATRICIA M. SUMME,          APPELLEE
JUDGE, KENTON CIRCUIT COURT


AND

RICKY GRIMES; KAREN GRIMES;      REAL PARTIES IN INTEREST/
ANTHEM HEALTH PLANS OF KENTUCKY          APPELLEES
D/B/A ANTHEM BLUE CROSS AND BLUE
SHIELD; AND SAINT ELIZABETH MEDICAL
CENTER, INC.

**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING AND REMANDING**

This case is a companion to that of *Saint Elizabeth Medical Center, Inc. v. Hon. Patricia Summe*, __ S.W.3d __, No. 2025-SC-0236-MR (Ky. Jun. 25, 2026) and interested parties should read the companion case first to fully understand our disposition in this opinion. Both cases were consolidated for purposes of appeal by the Court of Appeals and considered in one opinion in that court. Whereas the companion case dealt with the scope of KRS 311.377(2) and whether the Completed Application Materials are within it, this case presents a

corollary question: whether the Appellants, specifically Dr. Davenport, can be compelled by the trial court to request the Completed Application Materials from Saint Elizabeth and then disclose said Materials to the Plaintiffs despite Saint Elizabeth's assertion of privilege. In other words, the Appellants' claim is derivative of Saint Elizabeth's claimed privilege. If Saint Elizabeth does not possess a privilege in the Completed Application Materials, then there is no discernable harm in Dr. Davenport being compelled to disclose the Materials if he is ordered so to do.

Because of our ruling in the companion case that the Completed Application Materials are subject to the general privilege contained in KRS 311.377(2) but may be excepted from that privilege pursuant to KRS 311.377(3), and the trial court upon remand should conduct the proper analysis to determine the applicability of the exception, we conclude the Appellants in this case do not meet the prerequisites for a writ of prohibition at this time.

Typically, a trial court's order that would entail violation of a privilege "satisfies both the requirement of no adequate remedy by appeal, 'because privileged information cannot be recalled once it has been disclosed,' and the substitute requirement in 'special cases' that the administration of justice would suffer." *Collins v. Braden,* 384 S.W.3d 154, 158 (Ky. 2012) (quoting *St. Luke Hosps., Inc. v. Kopowski,* 160 S.W.3d 771, 775 (Ky. 2005)). In other words, a potential violation of privilege presents a great and irreparable injury

2

under the normal second-class writ standard or would harm the administration of justice so as to meet the special cases exception.

In this specific case, however, it should first be noted that Appellants couch their own claim in ambiguity. Throughout their brief they assert their own uncertainty as to whether the trial court did in fact order them to obtain the Completed Application Materials from Saint Elizabeth and provide it in discovery in spite of Saint Elizabeth's asserted privilege. Speculative claims of possible harm do not present adequate grounds for issuance of a writ. *Caldwell v. Chauvin*, 464 S.W.3d 139, 159 (Ky. 2015) ("We decline to exercise our discretion to issue a writ in this instance even though any *ex parte* disclosure of protected health information would surely violate HIPAA. This injury is too speculative to merit such an extraordinary remedy."); *see also Barnes v. Goodman Christian*, 626 S.W.3d 631, 638 (Ky. 2021). The proper procedure in the trial court, given the uncertainty of the Appellants, was to file a motion for clarification, put the issue squarely before it, and obtain a ruling.

Nonetheless, even taking the trial court's order as sufficiently definite to remove it from the realm of ambiguity, the Appellants' claim rests on Saint Elizabeth's assertion of privilege pursuant to KRS 311.377(2). Grimes, the Real Party in Interest, asserts Dr. Davenport could at any time request the Completed Application Materials that he submitted to Saint Elizabeth, and Saint Elizabeth's own By-Laws would entitle him to them. Dr. Davenport has so far refused to do this because Saint Elizabeth has asserted the Materials are privileged as a record of a designated peer review function by a covered entity

pursuant to KRS 311.377(2). In the companion case, we agreed with Saint Elizabeth's interpretation of KRS 311.377(2), but also held KRS 311.377(3) excepts from the privilege any materials or information otherwise independently discoverable. We reaffirmed *Leanheart v. Humana, Inc.,* that "the placement of otherwise discoverable records and information in a peer review file does not entitle them to the protection of KRS 311.377(2)." 933 S.W.2d 820, 821 (Ky. 1996). Although we issued the writ in the companion case, that was because the trial court and Court of Appeals erroneously concluded KRS 311.377(2) did not apply to the Completed Application Materials. The proper statutory analysis was not conducted.[1]

Given our ruling in the companion case, we decline to address the question presented in this case. That question is obviated by our resolution that the trial court failed to conduct the proper statutory analysis, and upon remand a new opportunity should be had for the trial court to determine if any information in the Completed Application Materials is subject to the exception contained in KRS 311.377(3). Should the trial court determine some or all of Completed Application Materials are not subject to the exception (and accordingly does not order Saint Elizabeth to disclose it) but orders the same privileged information to be disclosed by the Appellants, then the question ostensibly presented by this appeal would be ripe for adjudication. Until such an eventuality arises, however, the Appellants' claim is speculative.

---

[1] The Court of Appeals' interpretation of KRS 311.377(2) also governed its resolution of the Appellants' claim in this case, and upon that basis is erroneous.

The Court of Appeals is affirmed as to result only in declining to issue the writ. This case is remanded to Kenton Circuit Court for further proceedings consistent with this opinion.

All sitting. Lambert, C.J.; Bisig, Conley, Goodwine, Keller, and Thompson, JJ., concur. Nickell, J., concurs in part and dissents in part by separate opinion.

NICKELL, J., CONCURRING IN PART, DISSENTING IN PART: I agree with the majority's determination that the Court of Appeals properly denied the requested writ. However, consistent with my dissenting position in the companion appeal, S*aint Elizabeth Medical Center, Inc. v. Hon. Patricia Summe*, __ S.W.3d __, No. 2025-SC-0236-MR (Ky. Jun. 25, 2026) (Nickell, J., dissenting), I maintain the Appellants' failure to establish the existence of a privilege justifies the denial of an extraordinary writ without recourse to further proceedings on remand. Therefore, I respectfully concur in part and dissent in part.

COUNSEL FOR APPELLANT:

Michael J. Enzweiler
Ellen M. Houston
Dressman Benzinger LaVelle PSC


COUNSEL FOR APPELLEE:

Hon. Patricia Summe


COUNSEL FOR REAL PARTIES IN INTEREST/
APPELLEES, RICKY AND KAREN GRIMES:

Kendra E. Samson
Barton LLP

Philip N. Elbert
Womble Bond Dickinson (US) LP


COUNSEL FOR REAL PARTY IN INTEREST/
APPELLEE, ANTHEM HEALTH PLANS OF KENTUCKY:

Zachary Holt
Kolb Clare & Arnold PSC


COUNSEL FOR REAL PARTY IN INTEREST/
APPELLEE, SAINT ELIZABETH MEDICAL CENTER, INC.:

Ryan M. McLane
Emma R. Gripshover
Dressman Benzinger LaVelle PSC


COUNSEL FOR AMICUS CURIAE,
KENTUCKY DEFENSE COUNSEL:

Alexander B. Clay
Joseph A. Wright
Thompson Miller & Simpson PLC