Virginia ISON et al., Petitioners,

v.

Honorable Joseph J. BRADLEY, Judge, Fayette Circuit Court, Respondent.

Court of Appeals of Kentucky.

March 25, 1960.

Robert J. Turley, Turley, Tackett & Geralds, Lexington, for petitioners.

James Park, Stoll, Keenon & Park, Robert H. Measle, Lexington, for respondent.

MONTGOMERY, Chief Justice.

The petitioners, Virginia and Lawrence Ison, are the plaintiffs in an action for damages against L. M. Winges and Company, et al., defendants, pending in the Fayette Circuit Court. Petitioners sought to take the depositions of two adjusters or investigators for the insurance companies affording defendants insurance coverage. The proposed taking was for the purposes of use in discovery "and/or" as evidence on the trial of the action. By subpoenas duces tecum, the witnesses were commanded to bring "all memoranda, notes, recordings, correspondence, copies of correspondence, reports, copies of reports, and other papers concerning the claims" of the plaintiffs in the damage action and "concerning all negotiations for settlement on said claims."

The Honorable Joseph J. Bradley, Judge, Fayette Circuit Court, heard the cause on the motion of the defendants in the action to quash so much of the subpoenas commanding the witnesses to produce "all memoranda," etc. The respondent has indicated that the motion to quash should be sustained under CR 37.02. The petitioners by this original action seek to prohibit the respondent from entering any such order.

Petitioners contend that their remedy by appeal is not adequate because "the interminable delay is unjust and constitutes irreparable injury" to them. They urge that they are "under a heavy burden of debt for medical expenses and hospital bills in-curred as a result of the wreck" and "are financially unable to wage an economic battle with two insurance companies."

Petitioners have not cited a case in which this Court has prohibited a circuit court from acting on the ground presented here. The principles relating to the exercise of the power of this Court under Kentucky Constitution Section 110 have been thoroughly discussed in many cases. Evans v. Humphrey, 281 Ky. 254, 135 S.W.2d 915; Thompson v. Wood, Ky., 277 S.W.2d 472; Childers v. Stephenson, Ky., 320 S.W. 2d 797.

Great and irreparable injury such as will afford a proper basis for the exercise of this Court's power under Kentucky Constitution Section 110 has been defined in Schaetzley v. Wright, Ky., 271 S.W.2d 885, 886, as follows:

. "We are inclined to think that a misunderstanding of the law may have arisen as a result of the frequent reference, in opinions of this Court, to 'great and irreparable injury' as being one of the prerequisites to the issuance of an order of prohibition. An impression has arisen that the mere loss of valuable rights or property through an error of the court constitues great and irreparable injury entitling the loser automatically to relief from the error. However, a careful analysis of the cases dealing with the supervisory power of the Court of Appeals under Section 110 of the Kentucky Constitution will disclose that in addition to the element of great and irreparable injury there must be some aspect of injustice. There must be something in the nature of usurpation or abuse of power by the lower court, such as to demand that the Court of Appeals step in to maintain a proper control over the lower court. The object of the supervisory power of the Court of Appeals is to prevent miscarriage of justice." (Citations have been omitted.)

See also Fleece v. Shackelford, 204 Ky. 841, 265 S.W. 460; Smith v. Burnett, 300 Ky. 249, 188 S.W.2d 480; Bryan v. Trimble, Ky., 275 S.W.2d 66; and Barker v. Breslin, Ky., 329 S.W.2d 578.

By this proceeding, petitioners are attempting a premature appeal and seeking a precipitate decision of this Court on an interlocutory order. It takes a minimum of imagination to envision the utter confusion and chaos in the trial of cases if this Court should entertain original proceedings in cases of this character. The basis urged for so doing is the financial distress of litigants. This is not an uncommon status, however unwanted it may be, and is not confined to litigants. Thus, the delay incident to litigation and appeal by litigants who may be financially distressed cannot be considered as unjust, does not constitute irreparable injury, and is not a miscarriage of justice.

The correctness of the indicated ruling on the motion to quash is not decided here. Wiglesworth v. Wright, Ky., 269 S.W.2d 263, is distinguishable on the ground that the Court entertained the proceeding to establish a correct procedure during the transition from the old to new methods of practice.

Relief is denied.