**FISCAL COURT OF JEFFERSON COUNTY, Kentucky, Petitioner,**

v.

**Macauley SMITH, Judge, Jefferson Circuit Court, Respondent.**

Court of Appeals of Kentucky.

June 12, 1970.

J. Bruce Miller, County Atty., John G. Carroll, Asst. County Atty., Louisville, for petitioner.

Harry Lee Meyer, John M. Bensinger, Jr., Louisville, for respondent.

CLAY, Commissioner.

This is a proceeding to obtain a writ of prohibition against the Honorable Macauley Smith, Judge of the Jefferson Circuit Court. Petitioner attacks respondent's court order in an action pending before him which authorized the plaintiffs to take certain depositions.

Petitioner, acting in its official capacity, ordered a zoning change. In the suit of Ubaldi, et al. v. Fiscal Court of Jefferson County, this order was assailed on the grounds that it was arbitrary, capricious, unreasonable and illegal. At the request of the plaintiffs in that suit the respondent, in a pre-trial order, authorized the taking of the depositions of a former county commissioner and two present commissioners. Apparently the depositions were to be taken for discovery purposes under CR 26.01 and 26.02.

It is petitioner's position that in a circuit court proceeding questioning a zoning order the record and the proof are strictly limited under our rulings in American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Commission, Ky., 379 S.W.2d 450, (1964), and Morris v. City of Catlettsburg, Ky., 437 S.W.2d 753 (1969), and that it was error to permit the taking of these depositions. Without going into the propriety of this order, it seems clear that the question presented may not be appropriately considered in this proceeding.

Prohibition is an extraordinary remedy and it cannot be invoked to short-circuit normal appeal procedure. Bender v. Eaton, Ky., 343 S.W.2d 799 (1961). In Ison v. Bradley, Ky., 333 S.W.2d 784 (1960), we held that this court should not entertain original proceedings in cases involving interlocutory orders of this character. If respondent's order was erroneous and prejudicial, it could and should be tested on appeal.

Petitioner contends that unless this order is stricken forthwith a dangerous precedent will be established and other parties in other suits will seek to take similar depositions. These two grounds are not persuasive that the remedy by appeal is inadequate or that petitioner will suffer irreparable injury. It may be observed that the deponents may be afforded adequate protection under CR 30.02; that the testimony taken may be entirely irrelevant to the proceeding; that the depositions may not be used; and that the final judgment may not be appealed. These are additional reasons why we should not consider the correctness of such interlocutory orders in a proceeding of this character. The question presented may very well become moot.

The petition for a writ of prohibition is denied.

All concur.