NATIONAL GYPSUM COMPANY, United States Gypsum Company, Armstrong World Industries, Inc., Azrock Industries, Inc., G.A.F. Corporation, Celotex Corporation, Eagle-Picher Industries, Inc., W.R. Grace Company, Keene Corporation, Kentile Floors, Inc., Pittsburgh Corning Corporation, Nicolet, Inc., Flintkote Company, Owens-Corning Fiberglas Corporation, Pfizer, Inc., U.S. Mineral Products Company, Turner & Newall, PLC, Basic Incorporated, PPG Industries, Inc., and H.K. Porter Co., Inc., Petitioners,

v.

Honorable Ray CORNS, Judge, Franklin Circuit Court, Respondent.

No. 87–SC–353–MR.

Supreme Court of Kentucky.

Sept. 24, 1987.

Lively M. Wilson, Robert W. Griffith, Roy Kimberly Snell, Stites & Harbison, Louisville, R. Van Young, Margaret E. Keane, Greenbaum, Doll & McDonald, Louisville, Ronald V. Simpson, A. Courtney Guild, Jr., Goldberg & Simpson, P.S.C., Louisville, James J. Montgomery, Lawrence A. Flemer, Bloom & Green, L.P.A., Cincinnati, Ohio, Stephen F. Schuster, Ogden & Robertson, Louisville, Maubert R. Mills, Mills, Mitchell & Turner, Madisonville, Thomas C. Smith, Smith, Wolnitzek, Schachter, and Rowekamp, Covington, Guy Colson, Elizabeth Feamster, Fowler, Measle & Bell, Linda M. Hopgood, Clark, Ward, Stuart & Hopgood, Lexington, James C. Hickey, Victor Ewen, Ewen, MacKenzie & Peden, Louisville, Pierce W. Hamblin, Sandra Mendez-Dawahare, Landrum, Shouse & Patterson, Lexington, William D. Grubbs, Peter N. Tassie, Woodward, Hobson & Fulton, Louisville, Robert Houlihan, Jr., Albert F. Grasch, Stoll, Keenon and Park, Lexington, Scott A. Bachert, John David Cole, Cole, Harned & Broderick, Bowling Green, Stuart Alexander, Tilford, Dobbins, Alexander & Buckaway, Robert C. Ewald, Wyatt, Tarrant & Combs, Louisville, Kurt W. Maier, Michael Owsley, English, Lucas, Priest & Owsley, Bowling Green, James D. Ismael, Jr., Wyatt, Tarrant & Combs, David A. Nunery, Glenn Acree, McBrayer, McGinnis, Leslie & Kirkland, Lexington, for petitioners.

David L. Armstrong, Atty. Gen., Kevin M. Noland, Susan N. Mastin, Kathleen B. Dorman, Asst. Atty. Gen., for respondent.

LAMBERT, Justice.

Petitioners appeal to this Court from the final order of the Court of Appeals which

denied their petition for writ of mandamus. In the court below, petitioners sought reversal of an interlocutory order of the Franklin Circuit Court which determined that KRS 413.160, a statute imposing a ten-year period of limitation, applied to the Commonwealth's claims against petitioners.

On December 30, 1985, an action was commenced in the Franklin Circuit Court styled *Commonwealth of Kentucky, ex. rel. David L. Armstrong, Attorney General v. United States Gypsum Co., et al.* Named as defendants were twenty-three corporations alleged to have produced and marketed asbestos-containing products which were used in the construction of approximately 4,000 public buildings in Kentucky. The Commonwealth predicated its claim for relief upon strict liability, negligence, restitution, and fraud and misrepresentation. It also alleged concert of action and market share liability. Judgment was demanded for compensatory damages in excess of 68 million dollars, punitive damages, injunctive relief, and indemnity.

In their answers, defendants pled, *inter alia*, KRS 413.120, a five-year statute of limitation, as a bar to the Commonwealth's claims. They sought a stay of discovery and a ruling from the trial court that the five-year statute was controlling. In response, the trial court stayed discovery and established a schedule for the filing of memoranda as to the applicable statute of limitations. Thereafter, the trial court heard oral argument and in due course, issued its ruling that the ten-year statute applied.

Aggrieved by the trial court's order, defendants brought an original action for writ of mandamus in the Court of Appeals. In a 2–1 decision, that court denied the petition. This appeal followed.

We are urged by petitioners to reverse the Court of Appeals and direct the trial court to apply the five-year statute of limitation. They contend that the trial court was "clearly erroneous" and that such error, coupled with the complexity and anticipated expense of the litigation, justifies the extraordinary remedy sought. Petitioners also contend that a decision as to which statute controls is needed to clarify the law and serve judicial economy. Finally, they make an argument based on denial of due process and equal protection of the law.

The Commonwealth responds that petitioners have failed to show that they lack an adequate remedy by appeal or that they will suffer irreparable injury. The Commonwealth also argues that the trial court's ruling is not clearly erroneous and that action by this Court at this time would be premature.

At the outset, we must determine whether the Court of Appeals was required to entertain the petition for writ of mandamus. Unless petitioners were able to demonstrate their entitlement to extraordinary relief, there was no need for the Court of Appeals to reach the merits of the claim.

It is beyond dispute that mandamus may not be used as a substitute for appeal. *Merrick v. Smith*, Ky., 347 S.W.2d 537 (1961). So long as the trial court is acting within its jurisdiction, error or probable error, standing alone, does not provide a basis for the issuance of a writ of mandamus. In *Allen v. Walter*, Ky., 534 S.W.2d 453, 454 (1976), we said:

[I]f what he (the trial court) does is wrong it can be undone in due course and in the same manner applicable to any other case.... [I]f every action taken or about to be taken by a trial judge were made subject to day-to-day supervision by an appellate court the result would be chaos.

To obtain relief by writ of mandamus, a petitioner must show that great injustice or irreparable injury will result and that appeal does not provide an adequate remedy. *Barker v. Breslin*, Ky., 329 S.W.2d 578 (1959). The foregoing principles are easily enough stated, but their application to a particular case is more difficult. For guidance in this respect, we turn to *Bender v. Eaton*, Ky., 343 S.W.2d 799 (1961).

*Bender* was decided about eight years after Kentucky adopted the Rules of Civil Procedure. Commissioner Clay, writing for this Court, undertook to review the law

of prohibition and mandamus as it might apply to restrictions upon discovery. In this proceeding, petitioners and respondent place heavy reliance upon *Bender* and the Court of Appeals cited it as controlling authority.

. In *Bender*, plaintiff sought recovery for personal injuries. By deposition, she disclosed the names of several physicians with whom she had consulted. Defendants moved the court for an order requiring plaintiff to produce all medical reports by the doctors whose names had been disclosed. Plaintiff objected to this request in reliance upon CR 37.02 * which relieved a party of any duty to produce writings made in anticipation of litigation or in preparation for trial, and protected attorney work product. Defendants then moved the court to require plaintiff to furnish the information sought and it was so ordered. To challenge this order, plaintiff brought an original action in the Court of Appeals against the trial judge for a writ of prohibition. In our Opinion, we restated the well-known requirements that a petitioner for extraordinary relief be without an adequate remedy by appeal and that great and irreparable injury will result if error has been committed and the writ denied. We held that resolution of these factors in favor of petitioner was necessary before we could reach the merits of the claim. The requirement that a petitioner be without an adequate remedy by appeal was said to be absolute. The requirement of "great and irreparable injury" was treated with a degree of flexibility permitting intervention if the administration of justice, as opposed only to petitioners, would suffer great and irreparable injury. On the issue of inadequacy of appellate remedy as it applied to the discovery information sought, we said:

> Once the information is furnished it cannot be recalled. It may or may not be used at the trial. If the writings were subsequently introduced in evidence they might be competent so that an objection at that time would be unavailing. The injury suffered by petitioners, assuming

their adversaries have no right to this disclosure under the Civil Rules will be complete upon compliance with the order and such injury could not thereafter be rectified in subsequent proceedings in the case. Petitioners have no other adequate remedy. *Bender* at p. 802.

In the instant case, petitioners have not shown that appeal is an inadequate remedy if the trial court is wrong in its determination of the applicable statute of limitation. Upon entry of a final judgment in the trial court, petitioners will have the same right of appeal as any other litigant.

As to the requirement that a petitioner for a writ of mandamus show "great and irreparable injury," we simply observe that petitioners have made no such showing. The essence of their argument on this issue is anticipated litigation expense. This was raised in *Jaggers v. Ryan*, Ky., 474 S.W.2d 85 (1971) and in response, the Court stated at p. 86:

> Jaggers states that his reason for asking for the writ of mandamus is that if it is denied he will incur extensive and unnecessary costs in defending the case on appeal. We have held this was insufficient ground for granting the extraordinary relief asked for. (Citation omitted.)

See also *Ison v. Bradley*, Ky., 333 S.W.2d 784 (1960).

Petitioners attempt to establish that litigation expense may be grounds for extraordinary relief by reminding us that:

> This is not an intersection collision case in which forcing the parties to finish litigating their differences prior to appeal will result in a delay of six months and a cost of $5,000.

In effect, we are invited to apply a different standard to big cases than we would apply to more modest cases. The unfairness and unworkability of such a practice is evident and needs no further comment.

In summary, we do not believe the Court of Appeals erred in deciding that petitioners failed to show sufficient grounds for

---

* CR 37.02 which was in effect at the time of *Bender v. Eaton, supra,* has been replaced by an entirely different rule. The matters formerly dealt with by CR 37.02 are now found in CR 26.02 and CR 35.02.

their petition for a writ of mandamus. Our case law is sufficient to permit relief in truly extraordinary situations. We are unwilling to undermine the authority of trial courts by opening the appellate door via extraordinary writs to every party claiming error during pre-trial proceedings and trial. As we said in *Ison v. Bradley, supra,* at p. 786:

> By this proceeding, petitioners are attempting a premature appeal and seeking a precipitate decision of this Court on an interlocutory order. It takes a minimum of imagination to envision the utter confusion and chaos in the trial of cases if this Court should entertain original proceedings in cases of this character. The basis urged for so doing is the financial distress of litigants. This is not an uncommon status, however unwanted it may be, and is not confined to litigants. Thus, the delay incident to litigation and appeal by litigants who may be financially distressed cannot be considered as unjust, does not constitute irreparable injury, and is not a miscarriage of justice.

For the foregoing reasons, the order of the Court of Appeals is affirmed.

STEPHENS, C.J., and LEIBSON, VANCE and WINTERSHEIMER, JJ., concur.

STEPHENSON, J., dissents by separate opinion in which GANT, J., joins.

STEPHENSON, Justice, dissenting.

After reviewing the complaint and amendment, it is apparent to me that this litigation will not be resolved in this century.

Ordinarily I would agree that we should not consider an appellate review of this interlocutory order. However, I would make an exception in this case. This is a truly extraordinary situation. A determination of the limitation question in favor of the five-year statute would resolve a major portion of the case. This question is squarely presented and can be resolved on the record before us. I might add that probability of success in challenging an interlocutory order in a case of this magnitude should play a significant part in determining whether to permit an appellate court to review the order.

With all of the novel issues and the complexity of proof in a case such as this, we are sentencing the parties to years of litigation which may well be futile in the end.

Accordingly, I dissent.

GANT, J., joins in this dissent.