### JEFFERSON COUNTY FISCAL COURT, Appellant,

v.

### Ann O'Malley SHAKE, Judge Jefferson Circuit Court, Appellee.

and

### Dorothy McClure, Executrix Stallings Estate; et al. Real Parties in Interest.

No. 2001–SC–0498–MR.

Supreme Court of Kentucky.

Aug. 22, 2002.

Robert L. Helringer, Louisville, for Appellant.

Ann O'Malley Shake, Judge, Jefferson Circuit Court, Division Sixteen, Louisville, for Appellee.

Margaret E. Keane, Glenn A. Price, Jr., Lisa H. Thomas, Greenbaum Doll & McDonald, Norman W. Graham, Wyatt, Tarrant & Combs, Peter Ostermiller, Haddad Law Offices, Bill V. Seiller, Seiller and Handmaker, Louisville, for Real Parties in Interest.

LAMBERT, Chief Justice.

The Jefferson County Fiscal Court appeals from the Court of Appeals' denial of a writ of prohibition. CR 76.36(7).

The Thurman/Ballard Company, a real estate development company, and the Estate of Samuel J. Stallings, owner of unde-

veloped land in Jefferson County, sought a zoning change for the undeveloped land. The Louisville and Jefferson County Planning Commission recommended the zoning change to the Jefferson County Fiscal Court. The Fiscal Court voted to overrule the Planning Commission's approval and deny the zoning change.

The Stallings estate and Thurman/Ballard, real parties in interest, appealed this denial of the requested zoning change to the Jefferson Circuit Court. The real parties in interest alleged that the Fiscal Court's vote was arbitrary and capricious and violated due process. These allegations were based in part on a statement made on the record by County Commissioner Russ Maple prior to his vote revealing that parties opposing the rezoning had engaged in ex parte contact with him and had tried to influence his vote in violation of Jefferson County Ordinance 30.33.[1] Commissioner Maple said:

> Prior to making the motion I would like to explain my action this morning, and say a word to the opposition leadership. A word of caution for the future. There's an ordinance 30.33, which says that we must base our decisions on the evidence that is entered into the record, not on personal contacts, or petitions, and so forth, and it spells it out pretty clearly. And my staff and I realize that this process is to be respected, and we do, and we've [sic] very protective of it.

Having said that, I was disappointed that the opposition leadership on this project would go to the lengths that they did to influence my vote. . . . In spite of these tactics, I based my decision today on the Development Plan only.

The real parties in interest sought to take discovery depositions of the County Commissioner and four members of his staff and subpoenaed documents. The Fiscal Court moved the trial court for a protective order pursuant to CR 26.03(1), to prohibit the taking of depositions. Fiscal Court argued that it was exercising its quasi-judicial powers by voting on the Planning Commission's decision and thus, staff members cannot be deposed. The Circuit Court denied the protective order and granted the Appellees' motion to compel discovery. In the Fiscal Court's renewed motion for a protective order, it argued that deposing its members was a violation of the separation of powers. Again, the Court denied this motion. Fiscal Court then sought a writ of prohibition in the Court of Appeals to prohibit the Circuit Court from enforcing its order compelling the County Commissioner and his staff to submit to depositions and produce documents. The Court of Appeals denied the writ because there was an adequate remedy by appeal, citing *Fiscal Court of Jefferson County v. Smith.*[2] This appeal followed.

---

1. Ordinance 30.33 Evidence; Basis for Decisions of Fiscal Court.

(A) Decisions shall be based on the Planning Commission public record, the staff report of the Planning Commission, the arguments at the Planning Commission public hearing, any motions and determinations made thereon, any additional evidence made a part of the official record of Fiscal Court and any public hearings held by Fiscal Court.

(B) No additional evidence in the form of exhibits, petitions, letters, personal contacts or otherwise shall be considered by Fiscal Court members in reaching a decision on any zoning matter unless such additional evidence is made a part of the official record pursuant to order of the court and after all interested parties have been afforded an opportunity to rebut such additional evidence.

. . .

(D) Personal contacts with interested parties which tend to exert pressure or influence in zoning cases pending before Fiscal Court shall be avoided by members of Fiscal Court.

2. Ky., 455 S.W.2d 550 (1970).

Appellant argues that it does not have an adequate remedy by appeal based on the holding in *Wal–Mart v. Dickinson*.[3] Appellant also argues that manifest injustice would result if the writ is not granted because the deposition orders violate the separation of powers provisions of the Kentucky Constitution Sections 27 and 28. It reasons that allowing the real parties in interest to take depositions to discover the motives for the votes made by members of Fiscal Court would exert a chilling effect on the official actions of these public officials. Finally, Appellant argues that only the record made by the Fiscal Court regarding zoning changes can be reviewed by an appellate court because the review is not de novo. Appellant contends that depositions may not be taken unless the parties seeking the depositions and documents have alleged a fraud, bad faith, misconduct or violation of some legal right and that Appellees have not done this. The depositions cannot be ordered, according to Appellant, because based on the record, the County Commissioner was contacted by opponents of the zoning change but his vote was based solely on the record as required by Ordinance 30.33.

Appellees argue that they did allege a violation of their legal rights under Ordinance 30.33. Appellees contend that even if this Court holds that the threshold requirements of inadequate remedy by appeal and irreparable injury are met, to grant the petition the trial court must have abused its discretion. Appellees argue that the trial court did not abuse its discretion because discovery is necessary to determine whether the ex parte contacts influenced the County Commissioner's vote as that information cannot be found in the record.

In our view, the proper resolution of this case may be found in Ordinance 30.33. By the terms of this ordinance, Fiscal Court adopted a standard for its own conduct whereby it embraced many of the requirements of judicial decision-making. Fiscal Court limited itself to the Planning Commission record and other properly produced documents and arguments. It eschewed additional evidence, including personal contacts, and directed members of the Fiscal Court to avoid personal contacts with interested parties who might attempt to influence pending cases. Despite the foregoing, Commissioner Maple publicly announced that he had been improperly contacted and that an improper attempt had been made to influence his vote. He explained, of course, that the improper attempt had failed. Appellant concedes that in a circuit court sitting in review of actions of the Planning Commission and Fiscal Court interested parties may prove the violation of a legal right, bad faith, misconduct, or fraud. This principle appears in *American Beauty Homes Corp. v. Louisville & Jefferson County Planning & Zoning Commission*,[4]

No new or additional evidence would be admissible on appeal except to determine what state of facts the Commission acted on, or possibly to establish the violation of some legal right with respect to a matter not in issue in proceedings before the Commission.[5]

As such, Commissioner Maple's admission that an improper attempt had been made to influence him brings this case within Appellant's admitted exception. Moreover, Ordinance 30.33 sets the standard by which Fiscal Court conduct must be judged. The Ordinance would be meaningless without a means of enforcement

3. Ky., 29 S.W.3d 796 (2000).

4. Ky., 379 S.W.2d 450 (1964).

5. *Id.* at 457–58 (footnotes omitted).

when there is probable cause to believe a violation has occurred.

We can discern no meaningful distinction between the present case and *Fiscal Court of Jefferson County v. Smith.*[6] In *Smith,* a zoning order was appealed to the circuit court, the court authorized discovery depositions of present and past Commissioners, and the Fiscal Court sought a writ of prohibition. The Fiscal Court based its argument on *American Beauty Homes Corp.* because that case limits the record on review by an appellate court. This Court denied the writ of prohibition, holding that since this was an interlocutory order, no original actions should be entertained and further, that the deposition order could be appealed.

For the reasons set forth in *Smith,* we affirm the Court of Appeals.

All concur.