Travis FRITSCH, Appellant,

v.

Danny P. CAUDILL, Judge, Floyd Circuit Court and G. Edward Henry, Appellees,

and

Gregory D. Stumbo, Appellee and Real Party in Interest,

and

G. Edward Henry, Appellant,

v.

Hon. Danny P. Caudill, Judge, Floyd Circuit Court, Appellee,

and

Gregory D. Stumbo, Appellee and Real Party in Interest.

No. 2003–SC–0903–MR, 2003–SC–0914–MR.

Supreme Court of Kentucky.

Oct. 21, 2004.

Eldred E. Adams, Jr., Louisa, Counsel for Travis Fritsch.

Michael J. Schmitt, Porter, Schmitt, Jones & Banks, Paintsville, Counsel for G. Edward Henry.

Danny P. Caudill, Judge, Floyd Circuit Court, Prestonsburg, pro se.

Earl M. McGuire, Prestonsburg, Counsel for Gregory D. Stumbo.

Opinion of the Court by Chief Justice LAMBERT.

Upon denial of their motions to dismiss for improper venue, appellants, Fritsch and Henry, brought an original action in the Court of Appeals seeking to prohibit the Floyd Circuit Court from proceeding with appellee's, Stumbo's, separate suit against them.[1] The Court of Appeals denied relief and appellants appealed to this Court as a matter of right.[2] We affirm the Court of Appeals.

Appellant Fritsch instituted litigation in the Fayette Circuit Court against appellee Stumbo for establishment of paternity, custody, and child support. That litigation followed unsuccessful settlement negotiations between them concerning matters associated with the paternity of a child born to Fritsch. The paternity portion of the case was transferred to the Fayette District Court as it appeared the circuit court lacked jurisdiction to adjudicate the paternity claim. While the Fayette District and Circuit court litigation was pending, Stumbo brought the instant civil action for wrongful use of civil proceedings and extortion against Fritsch and her attorney, appellant Henry, in the Floyd Circuit Court. Fritsch and Henry moved to dismiss on grounds that the Floyd Circuit Court was an improper venue. The trial court overruled the motion. Thereafter, Fritsch and Henry brought this original action for extraordinary relief.

■ Improper venue is grounds for trial court dismissal under CR 12.02(c), and the required observance of proper venue is deeply imbedded in Kentucky law. Unlike jurisdiction, however, venue may be conferred by waiver,[3] and KRS 452.105 permits a trial court to transfer venue from one court to another when it determines that the venue of the selected forum is improper. Thus, while the concept of venue is important, it does not reach the fundamental level of jurisdiction, a concept whereby the authority of the court to act is at issue.[4]

■ In their original action, appellants seek extraordinary relief pursuant to CR 81. By its nature, extraordinary relief is reserved for circumstances where the right of appeal from a final judgment will be inadequate, or where trial court action will harm the judicial process. Kentucky law in this arena is well developed and firmly established, and nothing can be said here that has not been well expressed in our precedents.

1. CR 81.

2. KY. CONST. § 115.

3. *James v. Holt,* Ky., 244 S.W.2d 159 (1951).

4. *Duncan v. O'Nan,* Ky., 451 S.W.2d 626 (1970).

A decision routinely consulted in extraordinary writ cases is *Bender v. Eaton*,[5] where discovery of medical reports was at issue. In a scholarly opinion, the Court analyzed the law relating to extraordinary writs and counseled caution and conservatism in entertaining petitions for such relief:

> This careful approach is necessary to prevent short-circuiting normal appeal procedure and to limit so far as possible interference with the proper and efficient operation of our circuit and other courts. If this avenue of relief were open to all who considered themselves aggrieved by an interlocutory court order, we would face an impossible burden of nonappellate matters.[6]

The *Bender* Court analyzed the two classes of cases in which appellate courts could grant extraordinary relief. The first class, acting without jurisdiction,[7] is not relevant here. As to the second class, error within its jurisdiction, the Court said the following:

> In the second class of cases relief ordinarily has not been granted unless the petitioner established, as conditions precedent, that he (a) had no adequate remedy by appeal or otherwise, *and* (b) would suffer great and irreparable injury (if error has been committed and relief denied). *See Manning v. Baxter*, 281 Ky. 659, 136 S.W.2d 1074; *Smith v. Shamburger*, 314 Ky. 850, 238 S.W.2d 844. This is a practical and convenient formula for determining, *prior to deciding the issue of alleged error*, if petitioner may avail himself of this remedy. As

a general rule, if he has an adequate remedy by appeal or otherwise, or will not suffer great and irreparable injury, the petition should be dismissed forthwith.[8]

From the foregoing, it is clear that showing lack of an adequate remedy by appeal and great and irreparable injury amounts to a threshold for one seeking extraordinary relief based on error within the trial court's jurisdiction. Until this threshold is met, the question of trial court error does not arise.[9]

The rule in *Bender v. Eaton* has been followed in many cases including *Pettit v. Raikes*,[10] relying on *Shumaker v. Paxton*,[11] "one aggrieved by a venue determination may not obtain a writ of prohibition, but must proceed by appeal from a final judgment," and in *National Gypsum Co. v. Corns*[12] where this Court refused to grant extraordinary relief on a statute of limitations issue that might have terminated major asbestos litigation. We observed in *National Gypsum Co. v. Corns* that we were being invited to apply a different standard to big cases than we would apply to others and commented:

> The unfairness and unworkability of such a practice is evident and needs no further *comment.*

In summary, we do not believe the Court of Appeals erred in deciding that petitioners failed to show sufficient grounds for their petition for a writ of mandamus. Our case law is sufficient to permit relief in truly extraordinary situ-

---

5. Ky., 343 S.W.2d 799 (1961).

6. *Id.* at 800.

7. *Duncan v. O'Nan*, Ky., 451 S.W.2d 626 (1970); *Gordon v. NKC Hospitals, Inc.*, Ky., 887 S.W.2d 360 (1994).

8. Ky., 343 S.W.2d 799 at 801.

9. *Id.*

10. Ky., 858 S.W.2d 171 (1993).

11. Ky., 613 S.W.2d 130 (1981).

12. Ky., 736 S.W.2d 325 (1987).

ations. We are unwilling to undermine the authority of trial courts by opening the appellate door via extraordinary writs to every party claiming error during pre-trial proceedings and trial. As we said in *Ison v. Bradley*, [Ky., 333 S.W.2d 784, 786 (1960)]: "By this proceeding, petitioners are attempting a premature appeal and seeking a precipitate decision of this Court on an interlocutory order. It takes a minimum of imagination to envision the utter confusion and chaos in the trial of cases if this Court should entertain original proceedings in cases of this character. The basis urged for so doing is the financial distress of litigants. This is not an uncommon status, however unwanted it may be, and is not confined to litigants. Thus, the delay incident to litigation and appeal by litigants who may be financially distressed cannot be considered as unjust, does not constitute irreparable injury, and is not a miscarriage of justice." [13]

■ Despite the weight of the foregoing authorities and numerous other decisions with substantially similar holdings, appellants Fritsch and Henry have sought to establish improper venue as a basis for granting extraordinary relief. In substance, they contend that KRS 452.105 mandates dismissal or transfer. This statute states as follows:

> In civil actions, when the judge of the court in which the case was filed determines that the court lacks venue to try the case due to an improper venue, the judge, upon motion of a party, shall transfer the case to the court with the proper venue.

Appellants focus on the "shall transfer" language, but overlook that portion of the statute requiring a prior trial court determination that it lacks venue to try the case. As the trial court here held otherwise, the mandatory transfer provision of the statute did not become applicable. KRS 452.105 became effective on July 14, 2000, and followed this Court's decision in *Beaven v. McAnulty*, [14] where we held that a trial judge who sought to transfer venue was without such authority; that dismissal or stay was the only remedy. It is reasonable to conclude that the statute was enacted to prevent mandatory dismissal for improper venue and to allow trial courts discretion to transfer cases where circumstances warrant.

Appellants have asserted that *Seymour Charter Buslines, Inc. v. Hopper* [15] supports their position. In that case, we held that prohibition was unavailable to prevent a trial judge from transferring the case to the venue he believed to be proper. We said, "Under these circumstances, the mandatory language of the statute required the circuit judge to transfer this case." [16] And so he did. It was the trial court's determination that venue was improper that triggered the transfer to the proper venue. However, *Seymour* does not hold that extraordinary relief would be available against a trial judge who declined to transfer where it might otherwise appear to be appropriate. Appellants also rely on *Thomas v. Newell*, [17] a divorce case occasioned by the wife's discovery of letters written to the husband by another woman that were

> endearing and affectionate, and as interpreted by petitioner (wife) they portrayed a relationship between the writer

---

**13.** *Id.* at 327–28.

**14.** Ky., 980 S.W.2d 284 (1998).

**15.** Ky., 111 S.W.3d 387 (2003).

**16.** *Id.* at 389.

**17.** 277 Ky. 712, 127 S.W.2d 610 (1939).

and addressee not altogether conforming with upright conduct or the degree of moral fidelity due from a husband to his wife.[18]

The wife left the county of the marital residence and soon thereafter filed a divorce petition in her newly acquired domicile. Meanwhile, the husband had filed a divorce petition in the county of the marital residence, and the wife petitioned to have his claim dismissed on grounds of improper venue, permitting her claim to go forward. The statute in effect required divorce cases to be brought in the county of the wife's residence, and the issue addressed by the Court was whether her residence was bona fide. Concluding that it was, the Court ordered dismissal of the husband's petition and allowed the wife's petition to go forward. As we analyzed the *Thomas* case, the Court was faced with deciding which of two divorce cases which joined the same issues should go forward and which should be dismissed. Although some language in the opinion supports the contention that expense and inconvenience may have been accounted for, it seems the Court simply decided to permit the case in the proper venue to go forward and require dismissal of the other. *Thomas v. Newell* provides only modest support for appellants' claims.

Appellants argue vehemently and somewhat persuasively that only Fayette County is the proper venue for appellee's claims against them. Despite their arguments on the merits, however, they have failed to meet the threshold required for extraordinary relief.[19] Extraordinary relief is not available to interrupt pending litigation unless the petitioner can show lack of an adequate remedy by appeal and great and irreparable injury. If appellants are correct that the Floyd Circuit Court is an improper venue for appellee's civil action, in due course, the trial court or an appellate court will so recognize and relief in the nature of dismissal for improper venue will be granted. As to great and irreparable injury, we see none. Inconvenience, expense, annoyance, and other undesirable aspects of litigation may be present, but great and irreparable injury is not.[20]

Appellants' arguments and authorities have been fully considered. We have addressed those issues they have raised that could possibly affect the outcome of this appeal. Such other issues as have been presented address themselves to the trial court and any further appellate review must await a final judgment.

For the foregoing reasons, we affirm the Court of Appeals.

All concur, except STUMBO, J., not sitting.

---

18. *Id.* at 611.

19. *Bender v. Eaton,* Ky., 343 S.W.2d 799.

20. *Ison v. Bradley,* Ky., 333 S.W.2d 784 (1960).