# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: MAY 5, 2016
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2015-SC-000300-MR

ZACHARY AMOS LAMB                                                 APPELLANT

                  ON APPEAL FROM COURT OF APPEALS
V.                        CASE NO. 2014-CA-002008-OA
               HARDIN CIRCUIT COURT NO. 13-CI-00096

HON. KEN M. HOWARD, JUDGE                         APPELLEE
HARDIN CIRCUIT COURT

DOUG'S TOWING                      REAL PARTY IN INTEREST

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

Zachary Lamb appeals as a matter of right from an order of the Court of Appeals denying his petition for a writ of mandamus. Kentucky Rule of Civil Procedure (CR) 76.36(7)(a), Ky. Const. § 115. Lamb seeks the writ to obtain the following: (1) to require the Hardin Circuit Court to enter an order changing venue of the circuit court action to Calloway Circuit Court; (2) to remove the respondent judge from presiding over the litigation; (3) to compel certain individuals to answer his interrogatories; and (4) to obtain the return of his automobile. As such use of a writ of mandamus is improper, we affirm the Court of Appeals' denial of Lamb's petition.

## FACTS AND PROCEDURAL HISTORY

In January 2013, Lamb filed a civil complaint against Doug Estes, Kevin Estes, Cathy Mathews, and Doug's Towing due to a dispute concerning Lamb's towed vehicle. At a January 21, 2014, hearing in the case, Lamb alleges that the respondent judge granted his motion to compel Mathews along with Doug and Kevin Estes to answer the tendered interrogatories.[1] According to Lamb the respondent judge also failed to reduce his January 21, 2014, order to writing as was promised.

On July 23, 2014, the respondent judge issued an order denying Lamb's motion for recusal. Lamb's motion was based in part upon the fact that he had sued the respondent judge in federal court. In denying the motion, the respondent judge noted that Lamb's federal action was dismissed on June 17, 2014. Subsequently, in December 2014, Lamb filed a petition for a writ of mandamus with the Court of Appeals. The Court of Appeals denied the petition after determining that Lamb had failed to meet the requisite criteria for the issuance of a writ. Lamb then appealed to this Court as a matter of right.

## ANALYSIS

Lamb argues that the Court of Appeals erred in denying his petition for a writ of mandamus. A writ of mandamus is an "extraordinary remedy which

---

[1] Lamb's claims as to what occurred during the January 21, 2014, hearing engender skepticism. First, Lamb failed to include a copy of the video of the hearing in the appellate record, precluding this Court from confirming Lamb's assertion. Further, while Lamb's case was before the Court of Appeals, the respondent judge noted that Lamb had failed to properly serve the real parties in interest. As the respondent judge had determined that service was improper, it is highly unlikely that he would have ordered an answer to Lamb's interrogatories.

compels the performance of a ministerial act or mandatory duty where there is a clear legal right or no adequate remedy at law." *Cty. of Harlan v. Appalachian Reg'l Healthcare, Inc.*, 85 S.W.3d 607, 613 (Ky. 2002). "[C]ourts of this Commonwealth are—and should be—loath to grant the extraordinary writs unless absolutely necessary." *Cox v. Braden*, 266 S.W.3d 792, 795 (Ky. 2008).

A writ of mandamus may only be granted under two circumstances. The first circumstance is where it is shown that "the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court." *Mahoney v. McDonald-Burkman*, 320 S.W.3d 75, 77 (Ky. 2010) (citing *Goldstein v. Feeley*, 299 S.W.3d 549, 552 (Ky. 2009). The second, and more common, circumstance justifying the writ is where it is shown "that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise, and great injustice and irreparable injury will result if the petition is not granted." *Id.* (citation omitted). We review the decisions of the Court of Appeals in such cases under the abuse of discretion standard. *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 810 (Ky. 2004), *as modified* (Dec. 1, 2004).

In the case at bar, the Hardin Circuit Court has subject matter jurisdiction over Lamb's action, rendering the first category of writ inapplicable. As such, Lamb must demonstrate that the circuit court is acting or about to act erroneously, that there is no adequate remedy by appeal or otherwise, and that irreparable injury will occur if the petition is denied.

3

For each of Lamb's requests there are other possible remedies precluding the issuance of a writ of mandamus. First, Lamb seeks a writ to provide him with a change in venue to the Calloway Circuit Court. A venue determination does not warrant extraordinary relief due to the availability of a remedy by appeal and a lack of irreparable injury. *Fritsch v. Caudill*, 146 S.W.3d 926, 930 (Ky. 2004) (citing *Ison v. Bradley*, 333 S.W.2d 784 (Ky. 1960)) (if venue is improper the trial court or an appellate court will recognize that in due course and remedy it; inconvenience and expense of litigation are not irreparable injury.)

Second, Lamb requests a writ to remove the respondent judge from presiding over the litigation. Kentucky Revised Statutes (KRS) 26A.020(1) is Kentucky's statutory mechanism for trial-judge disqualification. Under KRS 26A.020(1) a party who believes "that the judge will not afford him a fair and impartial trial, or will not impartially decide an application for a change of venue" may file an affidavit with the circuit clerk stating the factual basis for that belief. That affidavit is forwarded to the Chief Justice for his review to determine whether disqualification is appropriate. Through this process Lamb possesses an adequate remedy to permit review of the respondent judge's decision to not recuse himself. Further, Lamb is entitled to a right of appeal from any adverse result in the trial court. Ky. Const. § 115. As such, if the respondent judge was not disqualified and there was an adverse decision reached in his case, Lamb could raise the issue on appeal from the final judgment.

4

Third, Lamb's remaining requests -- to compel the real parties in interest to answer his interrogatories and to obtain his vehicle -- also do not warrant the issuance of a writ. "No adequate remedy by appeal" means that any injury to [Lamb] "could not thereafter be rectified in subsequent proceedings in the case." *Indep. Order of Foresters v. Chauvin,* 175 S.W.3d 610, 614-15 (Ky. 2005) (quoting *Bender v. Eaton,* 343 S.W.2d 799, 802 (Ky. 1961)). As Lamb's case is still pending, both of these issues can be addressed in subsequent proceedings before the circuit court. Further, if there is an adverse decision regarding either of these issues, Lamb still has the option of an appeal after the case is adjudicated.

As Lamb has failed to meet the criteria for the issuance of a writ of mandamus, we affirm the order of the Court of Appeals.

All sitting. All concur.

APPELLANT:

Zachary Amos Lamb

APPELLEE:

Hon. Ken M. Howard, Judge
Hardin Circuit Court

ATTORNEY FOR DOUG'S TOWING,
REAL PARTY IN INTEREST:

Doug Estes, Company Representative

5