# IMPORTANT NOTICE
# NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: APRIL 27, 2017
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2016-SC-000526-MR

FINAL

DATE 5/18/17 Kim Redman, DC

JOHN DAVID LEE                                                              APPELLANT

V.
ON APPEAL FROM KENTUCKY COURT OF APPEALS
CASE NO. 2016-CA-000625-OA
JEFFERSON CIRCUIT COURT NO. 15-D-502354-003

HON. PAULA F. SHERLOCK, JUDGE,                              APPELLEE
JEFFERSON FAMILY COURT,

AND

ANGELA JEAN KING AND                          REAL PARTIES IN INTEREST
COMMONWEALTH OF KENTUCKY

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

This is an appeal of the Court of Appeals' denial of John David Lee's petition for a writ of mandamus and/or writ of prohibition.[1] In his writ petition, Lee asked that the Domestic Violence Order ("DVO") entered against him by the family court judge be set aside, and that the judge be required to

---

[1] Depending on how Appellant's requests for relief are framed, either one may be appropriate. Both are "extraordinary writs" that are treated the same for the purposes of determining whether a writ is available in a particular case. *Mahoney v. McDonald–Burkman*, 320 S.W.3d 75, 77 n.2 (Ky. 2010).

recuse herself from all further proceedings.[2]  The Court of Appeals is affirmed.

## I. FACTUAL AND PROCEDURAL HISTORY.

The original action in this case arose from domestic violence proceedings between Lee and Angela Jean King.  In September 2015, King filed an Emergency Protection Order ("EPO"), which was denied due to a lack of relationship.  King then filed a second EPO on October 1, 2015, which was issued that same day, and a domestic violence hearing was held October 13, 2015.  In that hearing, Lee asked that the presiding judge, Judge Sherlock, recuse herself.  Judge Sherlock entered the following order of recusal following the hearing:

> The Court hereby grants Respondent's motion and recuses from this case.  The presiding judge has prior knowledge of Respondent's divorce case, and recused from that case.  Further, respondent is a subject of controversy in his role as a baseball coach in a custody and visitation case between other parties pending in this division.
>
> Therefore, the undersigned judge recuses herself and directs the court administration office to reassign this matter.

Two weeks later, and before the court administrator could reassign the case, King moved to dismiss the case against Lee.  The parties verbally agreed

---

[2] We note Judge Sherlock did not file a brief with this court.  Under these circumstances, the provisions of Kentucky Rules of Civil Procedure (CR) 76.12(8)(c) permit that we may "(i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case."  Because Lee has not made the requisite showing to grant such a writ, as discussed below, we affirm the Court of Appeals.

2

to set aside Judge Sherlock's recusal so that she could dismiss the EPO.

In January 2016, King filed a third petition for a DVO against Lee, and the trial court entered an EPO on January 11, 2016. Following a hearing with Judge Sherlock presiding, the trial court entered a DVO on January 19, 2016. That order is not included in the present record.[3]

Lee then filed various motions to set aside the DVO on the basis that the trial judge had previously recused herself from presiding over the prior domestic violence petition that King filed against Lee. Lee also filed a direct appeal of the DVO as well as this petition for a writ of mandamus and/or prohibition. The Court of Appeals denied his petition for a writ, and this appeal follows as a matter of right.

## II. ANALYSIS.

As this Court outlined in *Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004),

> A writ of prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

"At the outset, we must determine whether the Court of Appeals was required

---

[3] Because this is a writ action, the record is not complete. *Cox v. Braden*, 266 S.W.3d 792, 795 (Ky. 2008) ("The expedited nature of writ proceedings necessitates an abbreviated record."). The background described in this opinion is based on what can be gleaned from the briefs and the limited record.

3

to entertain the petition for writ of mandamus. Unless petitioners were able to demonstrate their entitlement to extraordinary relief, there was no need for the Court of Appeals to reach the merits of the claim." *Nat'l Gypsum Co. v. Corns*, 736 S.W.2d 325, 326 (Ky. 1987).

In this writ petition, Lee requests that the DVO be set aside, and that Judge Sherlock be barred from presiding over any future cases involving him. In order for an extraordinary writ to be granted, the petitioner must demonstrate that the lower court is proceeding outside its jurisdiction, which, in the case of writ proceedings, refers to subject matter jurisdiction, or that the court is proceeding within its jurisdiction but erroneously. *Goldstein v. Feeley*, 299 S.W.3d 549, 553 (Ky. 2009).

> Once a judge is properly disqualified and recused, reentry into the case would be proper only upon a showing of affirmative evidence that the conflict no longer exists . . . and that no special judge has been appointed. On motion of the parties, the judge could ministerially acknowledge those facts and only then resume jurisdiction

*Appalachian Reg'l Healthcare, Inc. v. Coleman*, 239 S.W.3d 49, 55 (Ky. 2007). Lee is incorrect that the trial court did not have jurisdiction; rather, if any issue of jurisdiction exists, it would apply solely to Judge Sherlock.

However, as discussed by the Court of Appeals, we need not examine the merits of this jurisdictional argument since the trial court is not proceeding or about to proceed outside of its jurisdiction; it has already acted to enter a final and appealable DVO that Lee may directly appeal. In fact, Lee has filed a direct appeal from the January 19, 2016, DVO, which is currently pending before the

4

Court of Appeals,[4] thus demonstrating not only does an adequate remedy through an intermediate court exist, but that Lee already exercised that remedy. As this Court has stated, "[i]t is beyond dispute that mandamus may not be used as a substitute for appeal." *Nat'l Gypsum Co.*, 736 S.W.2d at 326. Since Lee has recourse for direct appeal, we agree with the Court of Appeals that Lee has failed to demonstrate grounds for the issuance of a writ.

Next, Lee argues that Judge Sherlock should be required to recuse herself from presiding over any future proceedings in which he is involved. As discussed by the Court of Appeals, should Lee find himself before Judge Sherlock again, the remedies provided by the disqualification statutes, KRS[5] 26A.015 and 26A.020, remain available to him as does future direct appeal.

### III. CONCLUSION.

For the foregoing reasons, we affirm the order of the Court of Appeals. In summary, we do not believe the Court of Appeals erred in deciding that Lee failed to show sufficient grounds for a writ of mandamus.

All sitting. All concur.

---

[4] We take note of the Court of Appeals' decision vacating the DVO and remanding, *Lee v. King*, No. 2016-CA-000167-ME, 2017 WL 1102981 (Ky. App. Mar. 24, 2017) (unpublished).

[5] Kentucky Revised Statutes.

5

COUNSEL FOR APPELLANT:

John David Lee, pro se


COUNSEL FOR APPELLEE:

Hon. Paula Sherlock


COUNSEL FOR REAL PARTY IN INTEREST:

Andy Beshear
Attorney General of Kentucky

Steven Romines
Romines, Weis, & Young

6