# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: AUGUST 24, 2017
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2017-SC-000167-MR

EMSL ANALYTICAL, INC.                                                       APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                          CASE NO. 2017-CA-000029-MR
MCCRACKEN CIRCUIT COURT NO. 13-CI-00530

HONORABLE CRAIG Z. CLYMER, JUDGE,                          APPELLEE
MCCRACKEN CIRCUIT COURT

AND

GZA GEOENVIRONMENTAL, INC.; KIM          REAL PARTIES IN INTEREST
ANDERSON; MICHAEL MCCOY; QUANYI
LI; HALLOIN MURDOCK S.C.; SCOTT
HALLOIN; BOBBY RUDELL MILLER, JR.;
ANGIE G. HULETTE; WALLER HULETTE;
AUDREY HULETTE; EMILY HULETTE;
ANDREW REID HULETTE

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

A panel of the Court of Appeals denied the petition of EMSL Analytical, Inc., for a writ prohibiting the trial court from enforcing a discovery order it had issued at the request of GZA GeoEnvironmental, Inc., in a civil action pending in the trial court. The Court of Appeals declined to issue the writ because EMSL had not shown that it would suffer irreparable injury without the writ and further failed to show the existence of facts to justify a writ under the special-case exception. We affirm the result reached by the Court of Appeals.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

The Hulette family contracted a bacterial infection know as MRSA. In response, the Hulette family hired GZA to perform tests to find the source of the bacteria. In turn, GZA contracted with EMSL Analytical to perform the laboratory testing. After running its tests, EMSL opined that the samples were positive for MRSA. After learning the results, the Hulette family sued Paducah Water Works in circuit court. During discovery in the Hulettes' suit against Paducah Water Works, Dr. Quanyi Li, the EMSL employee who performed the MRSA test, testified in deposition that he did not perform a complete test and that the results were unreliable. As a result, the Hulettes dismissed their suit against Paducah Water.

Following the dismissal of their case against Paducah Water, the Hulettes sued their former attorneys, GZA, and EMSL. The Hulettes asserted multiple claims, but most important for today's decision is their fraud claim. Dr. Li, testifying at a second deposition, testified that there had been widespread contamination issues from 2007 to 2010 at the EMSL location where he performed the MRSA test.

GZA then sought to depose Jason Dobranic, the EMSL employee who approved Dr. Li's reports. GZA requested production of numerous documents for the deposition. EMSL objected to GZA's request for production, basing its objection on the assertion that the requested documents were irrelevant and production of them created an undue burden. GZA then moved the trial court for an order compelling production, which the trial court granted. While

2

complying partially with this order, EMSL sought a writ of prohibition as to one particular part of the requested discovery, archived e-mails pertaining to its communications with GZA from 2007 to 2010. More specifically, GZA sought production of all EMSL e-mails from 2007 to 2010 in which the term "GZA" is used.

## II. ANALYSIS.

A writ is an extraordinary remedy and is one we apply with great caution. When ruling on a writ petition, we must determine whether issuance of a writ is an available remedy. Only if a writ is available will we then look to the merits of the petition to review the trial court's decision. The decision to issue a writ is entirely within this Court's discretion.[1] We have recognized two specific situations where this type of relief is appropriate:

> [U]pon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if petition is not granted.[2]

As the Court of Appeals noted, EMSL asserted the trial court proceeded erroneously within its jurisdiction. EMSL argues that the cost of production of these archived e-mails would be excessive and overly burdensome because of the amount of time required to retrieve them. But, the Court of Appeals

---

[1] *Hoskins v. Maricle,* 150 S.W.3d 1, 5 (Ky. 2004) (citations omitted).

[2] *Id.* at 10.

correctly held that litigation expense is not sufficient to rise to the level of an irreparable injury warranting the exercise of our supervisory power to interrupt the trial court's orderly process.[3] Accordingly, EMSL's argument based on cost and effort of production fails.

A more interesting argument posed by EMSL is that its petition for a writ falls within the special-cases exception to the ordinary writ standard. The premise of EMSL's argument lies within our holding in *Grange Mutual Insurance Company v. Trude*.[4] *Grange* acknowledged that there are special cases where a writ may be granted "[where] a substantial miscarriage of justice will result if the lower court is proceeding erroneously, and correction of the error is necessary and appropriate in the interest of orderly judicial administration."[5] But our use of a special-cases exception is rare and generally "limited to situations where the action for which the writ is sought would violate the law, e.g. by breaching a tightly guarded privilege or by contradicting the requirements of a civil rule."[6]

EMSL seeks relief under the special-case standard by pointing out that it has forty-one locations ranging throughout the United States and Canada and its laboratories regularly conduct testing for GZA and its twenty-eight locations. Further, the estimated cost to produce the e-mails ranges from

---

[3] *National Gypsum Company v. Corns*, 736 S.W.2d 325, 327 (Ky. 1987).

[4] *Grange Mutual Insurance Company v. Trude*, 151 S.W.3d 803 (Ky. 2004).

[5] *Id.* (quoting *Bender v. Eaton, Ky.*, 343 S.W.2d 799, 800 (Ky. 1961)).

[6] *Id.* at 809 (citations omitted). .

4

$42,000 - $890,000. But the crux of EMSL's position is that all e-mails about the business relationship between GZA and EMSL, in all their locations, over a span of three years, is simply not relevant to the Hulettes' fraud claim.

We recognize that the discovery request appears to cover locations encompassing a wide geographic area and the estimated expense of it is enormous, but we are confident that the request does not violate any civil rule nor does satisfaction of the request create a miscarriage of justice. The e-mails are narrowly tailored to involve only the two litigating parties and for a period of three years. Further, it is not alleged that the e-mails requested contain any privileged information that would be inappropriate for GZA to receive. Conceding that many of the e-mails obtained may not themselves be admissible as evidence or critically relevant to the claim, we recognize that our civil rules encourage open discovery practices.[7] We are sensitive to the monetary quotes produced by EMSL for recovery of these e-mails, but the inconvenience and cost of litigation do not constitute a basis for granting a special writ.

### III.     CONCLUSION

For the foregoing reasons, the Court of Appeals is affirmed.

All sitting.  All concur.

---

[7] Kentucky Civil Rule 26.02(1) ("Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action ... it is not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonable calculated to lead to the discovery of admissible evidence.").

5

COUNSEL FOR APPELLANT:

Jane C. Higgins
Phillips, Parker, Orberson & Arnett, PLC


Honorable Craig Z. Clymer, Judge
McCracken Circuit Court

COUNSEL FOR REAL PARTIES IN INTEREST, ANGIE G. HULETTE, WALLER
HULETTE, AUDREY HULETTE, EMILY HULETTE AND ANDREW REID
HULETTE:

Theodore W. Walton
Laura Elizabeth Landenwich
Clay, Daniel, Walton & Adams, PLC

COUNSEL FOR REAL PARTY IN INTEREST, GZA GEOENVIRONMENTAL, INC.,
KIM ANDERSON AND MICHAEL MCCOY:

Judd Uhl
Russell Salisbury
Katherine Kennedy
Lewis, Brisbois, Bisgaard & Smith, LLP


COUNSEL FOR REAL PARTY IN INTEREST, QUANYI LI:

Michael P. Casey
Lisa Fauth
Robert Sean Quigley
Casey, Bailey & Maines, PLLC

COUNSEL FOR REAL PARTY IN INTEREST, HALLOIN MURDOCK, S.C. AND
SCOTT:

Edward H. Stopher
Boehl, Stopher & Graves, LLP

COUNSEL FOR REAL PARTY IN INTEREST, BOBBY RUDELL MILLER JR.:

Jonathan Freed
Ben Elliott Stewart
Bradley, Freed & Grumley, PSC