**Linda L. COY, Appellant,**

v.

**METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, Appellee.**

**No. 94–CA–2356–MR.**

Court of Appeals of Kentucky.

Sept. 29, 1995.

Discretionary Review Denied by Supreme Court May 15, 1996.

Edwin Cohen, Louisville, for Appellant.

Christopher S. Burnside, Michael Q. Murray (argued), Louisville, for Appellee.

Before GARDNER, MILLER and WILHOIT, JJ.

*OPINION*

GARDNER, Judge:

Linda L. Coy (Coy) appeals from a summary judgment entered in favor of Metropol-

itan Property and Casualty Insurance Company (Metropolitan). We affirm.

On January 21, 1993, a vehicle operated by Christopher F. Hovekamp (Hovekamp) struck another vehicle in which Coy was a passenger. Coy, who apparently was injured, was insured by Metropolitan under a policy which provided personal injury protection (PIP) or basic reparation benefits in accordance with Kentucky's Motor Vehicle Reparations Act (MVRA). Coy's policy with Metropolitan provided for a $250 deductible on PIP or basic reparation benefits. Coy filed a claim with Metropolitan for basic reparation benefits, and received payment from Metropolitan minus the $250 deductible.

Coy filed the instant action against Metropolitan seeking recovery of the $250 deductible. She maintained below that Metropolitan's retention of the deductible was violative of specific provisions of the MVRA, and that coverage which includes such a deductible is violative of public policy. Each party tendered to the lower court a motion for summary judgment. Metropolitan's motion was sustained, and this appeal followed.

■ Coy now argues that the lower court committed reversible error by sustaining Metropolitan's motion for summary judgment. She argues that Kentucky Revised Statute (KRS) 304.39–140, which expressly requires insurers to make available deductibles on basic reparation benefits policies, applies only to optional additional benefits in excess of the standard $10,000 coverage. She maintains that since her coverage did not include these additional benefits, Metropolitan had no statutory basis for withholding the deductible from her benefits. We have closely reviewed the facts and the law on this argument, and find no error.

KRS 304.39–140(4) provides as follows:

Basic reparation insurers shall make available upon request deductibles in the amounts of two hundred and fifty dollars ($250), five hundred dollars ($500) and one thousand dollars ($1,000) from all basic reparation benefits otherwise payable, except that if two (2) or more basic reparation insureds to whom the deductible is applicable under the contract of insurance are injured in the same accident, the aggregate amount of the deductible applicable to all of them shall not exceed the specified deductible, which amount where necessary shall be allocated equally among them. Any person who is a basic reparation insured under an insurance policy issued with no deductible or with a deductible of a lesser amount than that under which he receives basic reparation payments, shall be entitled to be paid under such policy the difference between the benefits he is actually paid and the benefits which would have been paid had his benefits been payable under such policy.

Coy's argument clearly is misplaced. KRS 304.39–140(4) expressly states that the insurer shall provide the deductible, when requested, from "[a]ll basic reparation benefits otherwise payable...." It does not address the additional benefits in excess of $10,000 which are set forth in KRS 304.39–140. Furthermore, KRS 304.39–020(2) states that " 'Basic reparation benefits' mean benefits providing reimbursement for net loss suffered through injury arising out of the operation, maintenance or use of a motor vehicle, subject ... to ... *deductibles*...." (emphasis added). Coy simply cannot point to any statutory language supportive of the proposition that the deductible does not apply to the first $10,000 of coverage. To the contrary, the clear language of the MVRA in general and KRS 304.39–140(4) state precisely the opposite.

■ Statutory language must be accorded its literal meaning unless to do so would lead to an absurd or wholly unreasonable result. *Kentucky Unemployment Insurance Commission v. Jones*, Ky.App., 809 S.W.2d 715 (1991). This Court must look to the express language of a statute rather than surmising what may have been intended by the legislature but was not expressed. *Owensboro Cablevision, Inc. v. Libs*, Ky.App., 863 S.W.2d 331 (1993). As the clear language of KRS 304.39–140(4) mandates that insurers shall provide a deductible, where requested, on basic reparation benefits coverage, and since Coy has offered nothing from which we may draw a contrary conclusion, we believe the entry of summary judg-

ment on this issue comported with the mandates of *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476 (1991), and accordingly find no error. Furthermore, Coy's reliance on *Bishop v. Allstate Insurance Company*, Ky., 623 S.W.2d 865 (1981), for the argument that an insurance policy containing a deductible on basic reparation benefits coverage violates public policy is without merit. *Bishop* predated the enactment of the MVRA and is factually distinguishable from the matter at bar.

For the foregoing reasons, the summary judgment of the Jefferson Circuit Court is affirmed.

All concur.