RENDERED: JULY 8, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0650-MR

KENTUCKY POWDER COMPANY                                         APPELLANT

v.

APPEAL FROM BOYD CIRCUIT COURT
HONORABLE JOHN F. VINCENT, JUDGE
ACTION NO. 20-CI-00918

DONNIE MAY AND DONNIE MAY,
INC.                                                                          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

CLAYTON, CHIEF JUDGE: Kentucky Powder Company ("Kentucky Powder")

appeals from the Boyd Circuit Court's order granting summary judgment in favor

of Donnie May ("May"). The circuit court granted May summary judgment on the

basis that May had no liability for a corporate debt under a personal guaranty

because the guaranty failed to satisfy the statutory requirements of Kentucky

Revised Statutes ("KRS") 371.065, and neither May nor an authorized agent signed the guaranty. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

In August 2018, Cliff Wolford ("Wolford"), a representative of Kentucky Powder, approached May about the possibility of Kentucky Powder providing shot services and other blasting services to May and May's company, Donnie May, Inc. ("May, Inc."). Later that year, discussions ensued concerning May's plans to mine in Breathitt County, Kentucky. In October 2018, May contacted Wolford and subsequently hired Kentucky Powder to render blasting services and ship blasting materials to May and May, Inc.

Shortly thereafter, but before Kentucky Powder rendered any services or sent any materials to May or May, Inc., Wolford forwarded three pages for May to review, execute, and return to Kentucky Powder. The first page contained Kentucky Powder's logo at the top of the document and inquired as to the "Company Applying for Credit," the "Person Requesting Credit," the "Company officers and percentage of stock owned," and "other individuals that own over 5% of the stock."

The second page did not contain Kentucky Powder's logo and stated:

> In order to establish credit for your company, we would like for you to furnish us the names and addresses of two substantial companies with which you have approved

credit.  Also, please furnish us with the name and address of the bank where you have your account(s).

At the bottom of the second page of the application, language directed that the application be returned to Kentucky Powder at its business address.

The third page contained Kentucky Powder's logo, as well as the following language:

> In consideration of sales made and sales to be made in the future by [Kentucky Powder] to [May] of [May, Inc.], hereinafter referred to as the "Customer," we, the undersigned, jointly and severally, promise to pay any indebtedness of the customer to [Kentucky Powder,] including specifically, but without limitation, the price of merchandise and services purchased, service charges imposed thereon, costs, expenses, and attorney fees heretofore or hereinafter incurred by [Kentucky Powder] in connection with a default of the [C]ustomer.

Only the third page had a signature line, which contained May's signature, the date, and a completed notary public portion.  None of the paperwork contained page numbers.

According to May, he was working at a mine site in Breathitt County with no access to emails when Wolford contacted him via telephone concerning the preceding documents that Kentucky Powder would need May to execute to move the business relationship forward.  In the phone conversation, May requested that Wolford send the paperwork to his office manager, who May instructed to execute the credit application on his behalf.  Further, May claimed in his

dispositive motion pleading that no discussion occurred between May and Wolford regarding May having to execute a personal guaranty and that his business practice was not to undertake such personal guarantees.

After receiving the completed and executed paperwork, Kentucky Powder sold blasting materials and rendered blasting services to May and May, Inc. on an invoice basis. Kentucky Powder maintained an open account for May and May, Inc. in connection with these transactions. The account would be debited upon May's receipt of goods sold or services rendered and credited upon Kentucky Powder's receipt of payment.

On August 4, 2020, Kentucky Powder filed a complaint against May, individually, and May, Inc. The complaint alleged that May, Inc. had not made a payment to Kentucky Powder since on or around January 22, 2019, and that it had an outstanding balance of $260,992.86. Kentucky Powder further alleged that May, in his individual capacity, had agreed to and promised to be held jointly and severally liable for any indebtedness to Kentucky Powder. May filed an answer setting forth a defense that the personal guaranty of May, individually, was unenforceable under KRS 371.065.

On March 29, 2021, Kentucky Powder filed a motion for summary judgment on all counts of its complaint against May, Inc. and May. Additionally, on April 19, 2021, May filed a motion for summary judgment as to the issue of the

personal guaranty. On May 7, 2021, the circuit court granted summary judgment in favor of Kentucky Powder and against May, Inc. on all counts of the complaint. However, on May 10, 2021, the circuit court entered summary judgment in favor of May, individually and against Kentucky Powder. The circuit court found that May could not be held personally liable for the debts of May, Inc. because the personal guaranty did not comply with the statutory requirements of KRS 371.065 and was therefore invalid and unenforceable. The circuit court further found that because the signature of May attached to the document was not an act within the scope of the employee who signed the document, it was not May's signature. Kentucky Powder filed this appeal contesting the circuit court's grant of summary judgment in favor of May individually.

## ANALYSIS

### a. Standard of Review

This appeal arises from the circuit court's grant of summary judgment in favor of May. In such matters, the appellate court "determine[s] whether the record supports the trial court's conclusion that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Foreman v. Auto Club Property-Casualty Insurance Company*, 617 S.W.3d 345, 349 (Ky. 2021) (internal quotation marks and footnote omitted). Summary judgment "expedite[s] the disposition of cases and avoid[s] unnecessary trials

when no genuine issues of material fact are raised[.]" *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991) (citations omitted). It is appropriate to terminate litigation when it appears impossible for the non-moving party to produce evidence at trial warranting a judgment in its favor as a matter of law. *Paintsville Hosp. Co. v. Rose*, 683 S.W.2d 255, 256 (Ky. 1985) (citation omitted). While the record must be viewed in the light most favorable to the non-moving party, "a party opposing a properly supported summary judgment motion cannot defeat it without presenting at least some affirmative evidence that there is a genuine issue of material fact for trial." *Steelvest*, 807 S.W.2d at 482 (citations omitted).

### b. Analysis

Kentucky Powder first argues that the circuit court erred in treating the personal guaranty as a mutually exclusive and separate document from the credit application. Thus, Kentucky Powder contends that the circuit court should have considered the guaranty to have been "written on" the credit application for purposes of KRS 371.065.

Under KRS 371.065, a guaranty of indebtedness is valid if the guaranty (a) is "written on" the instrument being guaranteed; or (b) "expressly refer[s]" to the instrument being guaranteed; or (c) contains provisions specifying "the amount of the maximum aggregate liability of the guarantor" and "the date on

which the guaranty terminates." A guaranty must fulfill only one of the preceding requirements to satisfy the statute.

Here, it is undisputed that the guaranty failed to meet the second and third requirements. However, the parties dispute whether the guaranty met the first requirement – that it be "written on" the instrument being guaranteed. *See* KRS 371.065(1). Kentucky Powder submits that the requirement was satisfied because the personal guaranty was submitted with the credit application. Thus, the guaranty should be deemed to have been "written on" the credit application. Kentucky Powder sees this as the only logical approach to the "written on" requirement to guard against an absurd outcome.

First, we note that, when interpreting a statute, this Court must give the "[s]tatutory language . . . its literal meaning unless to do so would lead to an absurd or wholly unreasonable result." *Coy v. Metropolitan Property and Cas. Ins. Co.*, 920 S.W.2d 73, 74 (Ky. App. 1995). Where "[t]he language of a statute is both unambiguous and plain," it "is to be given effect as written." *Lynch v. Commonwealth*, 902 S.W.2d 813, 814 (Ky. 1995) (citation omitted). Moreover, courts should not "speculate upon legislative intent in order to interpret the language of a statute which is abundantly clear." *Cummings v. Covey*, 229 S.W.3d 59, 61 (Ky. App. 2007) (citation omitted).

In this case, we first note that the document submitted by the parties as the "credit application" is vague and appears to be more of a request for information versus a document establishing a formal business relationship between the parties. Additionally, although Kentucky Powder alleges that it submitted the guaranty document to May as part and parcel of the credit application, none of the guaranty language was contained within or on any portion of the credit application. Contrast this with the documents in *Wheeler & Clevenger Oil Co., Inc. v. Washburn*, where the guaranty agreement language was at the bottom of the front of the credit application. 127 S.W.3d 609, 610 (Ky. 2004). Additionally, the back of the application in *Washburn* contained guaranty language. *Id*. at 611. Thus, because the guaranty agreement was – quite literally – "written on" the document being guaranteed, the statutory requirements were met. *Id*. at 614-15.

Here, the guaranty appears as a stand-alone document, and thus the guaranty agreement was not "written on" any instrument it purported to guarantee. The credit application and the guaranty were two separate documents. Indeed, the guaranty was on a separate page with a separate logo, signature line, and notary section. Additionally, the end of the credit application was clearly indicated, with instructions to whom to return the application. Moreover, the guaranty's language did not suggest that it was part of any other existing contractual or credit scheme

but instead contained extremely general language that stated it applied to "any indebtedness of the [C]ustomer[.]"

Kentucky Powder relies on *Alliant Tax Credit Fund 31-A, Ltd. v. Nicholasville Community Housing, LLC*, to argue that the guaranty in this case met the "written on" requirement. 663 F. Supp. 2d 575 (E.D. Ky. 2009). However, in *Alliant*, the Court found that the guaranty was a named exhibit in the instrument being guaranteed. *Id*. at 583-84. Thus, it did not need to consider whether the guaranty was "written on" the instrument being guaranteed to satisfy KRS 371.065's requirements. Consequently, this case offers no support for Kentucky Powder's contention that an exhibit to an instrument to be guaranteed or a guaranty contained in the same packet as the instrument satisfies the "written on" requirement. Moreover, even if there was authority to such effect, the guaranty in this case was not an exhibit to the application or referred to as one in the credit application.

Ultimately, Kentucky Powder was free to draft the guaranty with sufficient specificity to comply with the requirements of KRS 371.065. Because the guaranty failed to meet the requirements of KRS 371.065, we affirm the circuit court's order granting summary judgment in favor of May in his individual capacity.

Additionally, because we agree that the circuit court correctly held that the guaranty is unenforceable as written, we decline to address the parties' arguments regarding whether May properly executed the guaranty.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Carl D. Edwards, Jr.
William Messer
Lexington, Kentucky

BRIEF FOR APPELLEE:

James H. Moore, III
Ashland, Kentucky